**THE FREEDMAN FIRM PC**
Michael G. Freedman (Cal. Bar No. 281279)
1801 Century Park East, Ste. 450
Los Angeles, California, 90067
Telephone: (310) 285-2210
E-Mail: michael@thefreedmanfirm.com

**LEVIN LAW, P.A.**
Brian Levin (*pro hac vice* forthcoming)
2665 S. Bayshore Dr., Ph. 2B
Miami, FL 33133
Telephone: (305) 402-9050
E-Mail: brian@levinlawpa.com

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
Michael A. Pineiro (*pro hac vice* forthcoming)
Brandon S. Floch (*pro hac vice* forthcoming)
Christopher R. Reilly (*pro hac vice* forthcoming)
2 South Biscayne Blvd., Suite 2530
Miami, FL 33131
Telephone: (305) 400-4260
E-Mail: mpineiro@mnrlawfirm.com
bfloch@mnrlawfirm.com
creilly@mnrlawfirm.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DEMETRIUS SMITH, ROBIN SAVAGE, and MIA WILLIAMS

Plaintiffs,

v.

RACK ROOM SHOES, INC.

Defendant.

Case No. 3:24-cv-06709-RFL

[*Assigned to Judge Rita F. Lin*]

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN OMNIBUS RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS AND STRIKE**

Complaint Filed: September 24, 2024
Complaint Served: October 9, 2024
Trial Date: None set

1. Pursuant to Local Rule 7-11, Plaintiffs move for administrative relief to file an omnibus response to Defendant's motions to dismiss and strike that shall not exceed 25 pages.

2. On September 24, 2024, Plaintiffs filed a complaint against Defendant for data privacy violations. *See* ECF No. 1.

3. On November 27, 2024, Defendant filed a combined motion to dismiss and strike. *See* ECF No. 19. Contemporaneous with that filing, Defendant submitted a request for judicial notice concerning thirteen exhibits that Defendant filed in support of its motion. *See* ECF No. 19.

4. On December 18, 2024, Plaintiffs filed a First Amended Complaint. *See* ECF No. 27.

5. On January 16, 2024, Defendant filed separate motions to dismiss and strike. *See* ECF No. 36 and ECF No. 37. Contemporaneous with both filings, Defendant submitted a request for judicial notice concerning fourteen exhibits that Defendant filed in support of its motions. ECF No. 38.

6. Defendant's motion to dismiss contains: 1) eleven sections of substantive argument, all of which present an independent basis for dismissal; 2) citations to fourteen exhibits, each of which Defendant seeks to judicially notice, and all of which collectively total more than 173 pages; and 3) nineteen footnotes, eleven of which raise new arguments, eight of which string-cite to additional authority, and all of which collectively total 1,695 words.

7. By contrast, Defendant's motion to strike contains only three substantive sections, each of which raise arguments that significantly overlap—if not totally overlap—with those in the motion to dismiss. The first substantive section of the motion to strike and the first substantive section of the motion to dismiss, for example, both argue—albeit incorrectly—that Plaintiffs consented to the alleged misconduct. The second section of the motion to strike similarly hinges on whether the privacy policy "promise[s] that Rack Room would refrain from using third-party tracking technologies." And the third section concerns, in part, "Defendant's forum-related activities," which will invariably depend on allegations that Plaintiffs will rely upon in their opposition to the motion to dismiss.

8. This Court imposes a 15-page limit on motions and opposition briefs. Plaintiffs would have readily consented to any motion by Defendant requesting permission to modify that page limitation for its motion to dismiss. No such motion was made or discussed.

9. Given the sheer number of footnotes and legal issues within the motion to dismiss, Plaintiffs cannot adequately respond within the prescribed page limits. The footnotes alone, for example, extend six-pages long if double-spaced and placed within the body of the motion itself. And even with the footnotes to help, Defendant's motion still struggles to fit the eleven bases for dismissal within the page limitations, often abbreviating its analyses and omitting necessary context and nuance.

10. Plaintiffs request leave to file an omnibus brief with a 25-page limit that addresses both of Defendant's motions.

11. An omnibus response—particularly one with a 25-page limit—promotes fairness and judicial efficiency. Currently, Plaintiffs can file separate briefs in response to Defendant's motions that—given the 15-page limit for each brief—could total 30 pages in the aggregate. A motion for additional pages—even one limited to the motion to dismiss—only adds more pages to that total. An omnibus response with a 25-page limit, on the other hand, would: 1) enable Plaintiffs to fully respond to the motion to dismiss; 2) amount to less than the 30-page limit that separate briefs would entail; 3) allow Plaintiffs to synergistically address arguments that overlap between the two motions; and 4) mirror the total pages that Defendant utilized for the motions to dismiss and strike.

12. Defendant opposes Plaintiffs' motion for leave to file an omnibus response to Defendant's motions to dismiss and strike.

Dated: February 4, 2025

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

By: *\/s/ Michael A. Pineiro*
Michael A. Pineiro

*Attorney for Plaintiffs*

**DECLARATION OF MICHAEL A. PINEIRO**

I, Michael A. Pineiro, declare as follows:

13. I am a partner at the firm Marcus Neiman Rashbaum & Pineiro LLP. I am one of the attorneys responsible for handling this case on behalf of Plaintiffs. I make this declaration based on my personal knowledge and could and would testify competently hereto:

14. Under Local Rule 7-11, every administrative motion must append a declaration explaining why a stipulation could not be obtained.

15. On January 30, 2025, Plaintiffs' counsel sought consent from Defendant's counsel to file a motion for leave to file an omnibus response brief with a 30-page limit. In response to Plaintiffs' correspondence, Defendant's counsel stated that Defendant would oppose their request, in part because the motion to dismiss and motion to strike were a combined 25 pages.

16. After receiving Defendant's response, Plaintiffs' counsel inquired as to whether Defendant would consent to an omnibus response with a 25-page limit instead. Defendant's counsel stated that Defendant would consider agreeing to a motion for additional pages but would oppose any motion to file an omnibus response.

17. As set forth in their motion, Plaintiffs believe that, given the unique circumstances here, an omnibus response is the best vehicle for promoting fairness and judicial efficiency. Given the impasse, the parties were unable to reach agreement on a stipulation.

Dated: February 4, 2025

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

By: *_/s/ Michael A. Pineiro_*
Michael A. Pineiro

*Attorney for Plaintiffs*