BLANK ROME LLP
Ana Tagvoryan (SBN 246536)
ana.tagvoryan@blankrome.com
Victor J. Sandoval (SBN 344461)
victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Attorneys for Defendant
RACK ROOM SHOES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

DEMETRIUS SMITH, ROBIN SAVAGE, and MAIA WILLIAMS,

Plaintiffs,

vs.

RACK ROOM SHOES, INC.,

Defendant.

Case No. 3:24-cv-06709-RFL

**RACK ROOM SHOES, INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMITS & REQUEST IN THE ALTERNATIVE (ECF NO. 39)**

Judge: Rita F. Lin

Filed: September 24, 2024
Serviced October 9, 2024
Trial: Not set

## I. INTRODUCTION

Defendant Rack Room Shoes, Inc. ("Defendant") respectfully submits this response to Plaintiffs' Administrative Motion for Leave to File an Omnibus Response to Defendant's Motions to Dismiss and Strike (the "Administrative Motion"; ECF No. 39). Defendant opposes the Administrative Motion because it is unfair, unnecessary, and contrary to judicial efficiency. Plaintiffs seek to exceed this Court's page limitations and file a 25-page omnibus response to Defendant's motions, even though Defendant has already complied with the Court's rules and filed separate motions to dismiss and strike that each do not exceed 15 pages. Defendant did so despite the fact that the operative Complaint consists of 57 pages and 227 paragraphs. Plaintiffs had ample opportunities to request a stipulation to modify the page limitations before Defendant filed its motions—including when they stipulated to alter the briefing schedule on the motions before they were filed—but they failed to do so. Moreover, Plaintiffs have not shown any good cause or compelling reason to justify their request, which would allow them to have more pages to respond to the motion to dismiss than Defendant had to file it. Plaintiffs' request would also create confusion and redundancy, as the Court need not address the motion to strike if it grants the motion to dismiss.

In the alternative, should the Court be willing to grant Plaintiffs extra pages, Defendant requests that Plaintiffs still be required to file separate opposition papers with limited extra pages, and the pages limits for Defendant's Reply briefs also be extended by the similar number of extra pages. At the least, Defendant should be granted the same relief for its reply briefs.

For these reasons, and as explained more fully below, Defendant respectfully requests that the Court deny the Administrative Motion and enforce its page limitations.

## II. RELEVANT BACKGROUND

On September 9, 2024, plaintiffs Demetrius Smith, Robin Savage, and Maia Williams ("Plaintiffs") filed a complaint (the "Complaint") against Defendant asserting only two California class claims under California's Invasion of Privacy Act ("CIPA"), Penal Code §§ 631 and 632. (ECF No. 1.)

On November 27, 2024, Defendant filed motions to dismiss and strike Plaintiffs' initial complaint. (ECF Nos. 19, 20.)

On December 18, 2024, Plaintiffs filed an amended complaint (the "FAC"; ECF No 27.) In addition to the claims asserted in the Complaint, Plaintiffs' FAC added claims for alleged violations of (i) the federal Wiretap Act, 18 U.S.C. § 2510, et. seq ("Wiretap Act")., (ii) the Comprehensive Computer Data and Access and Fraud Act, Cal. Penal Code § 502, et. seq. ("CDAFA"), (iii) common law invasion of privacy, (iv) the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et. seq. ("UCL"), and (v) the Consumers Legal Remedies Act, Cal. Civ. Code § 1782, et. seq. ("CLRA"). Plaintiffs' FAC also added a putative nationwide class under the federal Wiretap Act claim.

On December 18, 2024, the parties held a conference call. On the call, the Parties discussed Plaintiff's amended complaint and Defendant's anticipated response thereto. The parties further agreed to stipulate to extend the time to file, and respond to, Defendant's anticipated motions to dismiss and strike Plaintiff's amended complaint.

Although the parties specifically discussed this Court's individual rules and page limitations, Plaintiffs' counsel did not request that the parties stipulate to allow the parties to exceed this Court's individual rules on brief page limits.

On December 20, 2024, the parties submitted a Joint Request for An Order Re. Proposed Briefing Schedule for Defendant's Anticipated Motions to Dismiss and Strike Plaintiffs' Amended Complaint (the "Joint Request"; ECF No. 29.) Plaintiffs did not request that a stipulation to allow the parties to exceed this Court's individual rules on brief page limits be included in the Joint Request.

On January 16, 2025, just like it had in response to the Complaint, Defendant filed motions to dismiss and strike the FAC. (ECF Nos. 36-39.) Again, just like it had in response to the Complaint, Defendants submitted a request for judicial notice attaching the same exhibits that Defendant had filed in support of its motions to dismiss the Complaint. (*Id.*) Although Plaintiffs' amended complaint added four cases of action, and nationwide class allegations, Defendant complied with this Court's 15-page brief limitation.

///

///

On January 30, 2025, Plaintiffs' counsel emailed Defendant's counsel informing them that they intended to file a motion the next day requesting leave to file an omnibus response brief to the motions to dismiss and strike with a 30-page limit.

On January 30, 2025, Defendant's counsel responded and informed Plaintiffs' counsel that it opposes the request, and that there has been no showing that Plaintiffs should have more pages to respond to Defendant's motions than the motions had themselves. Plaintiffs then asked for 25 pages.

On January 30, 2025, Defendant's counsel sent Plaintiffs' counsel a second email and informed Plaintiffs' counsel that it would not consent to a 25-page omnibus brief. Defendant's counsel did not believe that an omnibus brief was equitable insofar as it would allow Plaintiffs' response to have more pages to respond to the motion to dismiss than the motion to dismiss itself.

However, in this email, Defendant's counsel also informed Plaintiffs that if they would like specific additional pages for either of its opposition briefs, Defendants' counsel would stipulate to extend the page limits on separate opposition briefs, if Plaintiffs would consent to similar number of additional pages for Defendant's respective reply briefs.

Plaintiff's counsel did not respond to this email.

On February 4, 2025, Plaintiffs filed the instant Administrative Motion (the "Administrative Motion"; ECF No. 39.)

## III. ARGUMENT

Plaintiffs' motion for leave to file an omnibus brief should be denied because it is untimely, unnecessary, and prejudicial to Defendant. Plaintiffs had many opportunities to request a modification of the page limits before Defendant filed its motions to dismiss and strike, but they failed to do so. Indeed, the Parties already entered into a briefing stipulation concerning these motions, and Plaintiffs' counsel did not request that the page limitations be altered at that time, when it would be fair to do so such that the parties could have reciprocal extensions. Plaintiffs also failed to respond to Defendant's offer to stipulate to additional pages for specific briefs, if Plaintiffs would agree to a reciprocal extension for Defendant's reply briefs. Instead, Plaintiffs waited until the eve of their deadline to file an administrative motion that seeks to circumvent this Court's rules and gain an unfair advantage over Defendant. Although the Administrative Motion argues that allowing

Plaintiffs to file an omnibus response to Defendants' motions "promotes fairness and judicial efficiency" (*id.* ¶ 11), it would not. Quite the opposite. It would be patently unfair to alter the page limitations now, in the middle of motion practice. Further, it would not further judicial economy or efficiency to allow Plaintiffs to exceed this Court's page limits and file an omnibus brief, insofar as the Court need not reach the motion to strike if it finds (as it should) that Plaintiffs' FAC should be dismissed. Accordingly, not only is Plaintiffs' request inequitable, but it is not in the interests of judicial economy or efficiency.

Plaintiffs' motion is also unnecessary because Plaintiffs can adequately address Defendant's motions within the prescribed page limits. Plaintiffs exaggerate the complexity and volume of Defendant's motions, which are based on well-established legal principles and supported by relevant authority. Plaintiffs also ignore the overlap between Defendant's motions, in so far as the motion to strike particularly does not warrant separate or lengthy responses. Moreover, Plaintiffs fail to explain why they need more pages to respond to Defendant's motions than Defendant had to present its motions, especially when this Court's rules already allow opposition briefs to have an equal number of pages as opening briefs.[1]

Plaintiffs' motion is further prejudicial to Defendant because it would allow Plaintiffs to file a 25-page omnibus brief that would exceed the combined length of Defendant's motions and deprive Defendant of a fair opportunity to reply. Plaintiffs' proposed omnibus brief would also create confusion and inefficiency for the Court, as it would mix and conflate arguments that pertain to different motions and different claims. Plaintiffs' motion, if granted, would undermine the purpose and policy of this Court's rules, which are designed to promote brevity, clarity, and fairness in motion practice. In the alternative, if the Court grants the motion (and it should not) it should order that Defendant is also permitted to file a 25-page omnibus brief in response to Plaintiffs' omnibus opposition brief, or, in the alternative, the Court should require Plaintiffs to file separate opposition

[1] It would be particularly unfair to alter the briefing requirements in the middle of motion practice in this case, because this Court has shorter page limitations than other Court's in the Northern District and, as a result, Defendant spent significant time and resources revising its motion to dismiss brief so that it would fit within this Court's page limits. Indeed, Defendant was forced to omit arguments in its motion to dismiss in order to stay within this Court's page limitations.

papers with limited extra pages, and the pages limits for Defendant's Reply briefs also be extended by the similar number of extra pages.

**IV. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' motion for leave to file an omnibus brief and require Plaintiffs to file separate responses to Defendant's motions to dismiss and strike that comply with this Court's page limits. In the alternative, the Court should order that Defendant is also permitted to file a 25-page omnibus brief in response to Plaintiffs' omnibus opposition brief, or require Plaintiffs to file separate opposition papers with limited extra pages, and the pages limits for Defendant's Reply briefs also be extended by the similar number of extra pages.

DATED: February 5, 2025

BLANK ROME LLP

By: */s/ Ana Tagvoryan*
Ana Tagvoryan
Victor J. Sandoval
Attorneys for Defendant
RACK ROOM SHOES, INC.