**THE FREEDMAN FIRM PC**
Michael G. Freedman (Cal. Bar No. 281279)
1801 Century Park East, Ste. 450
Los Angeles, California, 90067
Telephone: (310) 285-2210
E-Mail: michael@thefreedmanfirm.com

**LEVIN LAW, P.A.**
Brian Levin (*pro hac vice*)
Jacob Polin (Cal. Bar No. 311203)
2665 S. Bayshore Dr., Ph. 2B
Miami, FL 33133
Telephone: (305) 402-9050
E-Mail: brian@levinlawpa.com
E-Mail: jpolin@levinlawpa.com

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
Michael A. Pineiro (*pro hac vice*)
Brandon S. Floch (*pro hac vice* forthcoming)
Christopher R. Reilly (*pro hac vice*)
2 South Biscayne Blvd., Suite 2530
Miami, FL 33131
Telephone: (305) 400-4260
E-Mail: mpineiro@mnrlawfirm.com
bfloch@mnrlawfirm.com
creilly@mnrlawfirm.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DEMETRIUS SMITH, ROBIN SAVAGE, and MIA WILLIAMS
Plaintiffs,

v.

RACK ROOM SHOES, INC.
Defendant.

Case No. 3:24-cv-06709-RFL

[*Assigned to Judge Rita F. Lin*]

PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Date: 3/18/2024
Time: 10:00 AM
Courtroom: 15, 18th Floor

Complaint Filed: September 24, 2024
Complaint Served: October 9, 2024
Trial Date: None set

## INTRODUCTION

Defendant Rack Room Shoes, Inc.'s Request for Judicial Notice (Dkt. 38, "RJN") asks this Court to take judicial notice of 14 documents. Plaintiffs do not oppose this request as to Exhibit 1 but oppose it as to Exhibits 2–14.

Defendant's request to admit Exhibits 2–14 falls far short of the legal standards for judicial notice and incorporation by reference. All 13 of these Exhibits were created by non-governmental third parties, and many of them were collected from additional third parties entirely. The accuracy and authenticity of these documents is subject to reasonable questions, particularly the meaning and the time periods that they are alleged to cover. They are neither supported by personal knowledge nor incorporated into the complaint, and thus cannot be used to improperly establish disputed facts on a motion to dismiss.

Defendant's brief ignores critical Ninth Circuit and Northern District authority on these questions. It relies on old cases that do not account for newer controlling authority from the Ninth Circuit. Moreover, even though 12 of the 13 disputed Exhibits are policies from Meta posted online, Defendant's brief also ignores recent decisions by Judges Tigar and Illston finding that Meta's privacy policies are not judicially noticeable in pixel tracking cases like this one. *See, e.g.*, *St. Aubin v. Carbon Health Techs., Inc.*, No. 24-CV-00667-JST, 2024 WL 4369675, at *2–3 (N.D. Cal. Oct. 1, 2024); *Gershzon v. Meta Platforms, Inc.,* No. 23-CV-00083-SI (VKD), dkt. 90 at 13, fn. 3 (N.D. Cal., August 22, 2023) (Exhibit A). Accordingly, its request for judicial notice should be denied.

## STANDARD

On a motion to dismiss, the general rule is that a court may not consider materials beyond the pleadings. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). This rule has only two exceptions: judicial notice under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine. *Id.* With respect to both exceptions, the Ninth Circuit has recently cautioned against their "overuse and improper application." *Id.* "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and

true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999 (citations omitted).

## ARGUMENT

### I. Exhibits 2-14 do not meet the requirements for judicial notice.

Judicial notice only applies to adjudicative facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). An "undisputed matter[] of public record" may be judicially noticed; "disputed facts stated in public records" cannot. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original). Defendant's request to admit 13 third-party documents does not satisfy these requirements.

***First***, the accuracy of documents on websites, particularly of third parties, can reasonably be questioned. "[C]ourts should be cautious before taking judicial notice of documents simply because they were published on a website . . . particularly so when a party seeks to introduce documents it created and posted on its own website." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1033 (N.D. Cal. 2018); *id.* at 1032 ("the records of private parties have no [ ] imprimatur of reliability, and neither do their websites."); Fed. R. Evid. 201(b)(2). Webpages, including Meta's Policies, are also modified over time and may not reflect the evidence relevant to the actual claims asserted. *See Moorer v. Stemgenex Med. Group, Inc.*, No. 16-02816, 2017 WL 1281882, at *4 (S.D. Cal. Apr. 6, 2017) (declining to judicially notice screenshots of webpages because "the ever-changing content" made the pages' accuracy incapable of "ready determination"); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) (declining judicial notice, noting that "whether these are the webpages Plaintiffs would have viewed during their online transactions is subject to 'reasonable dispute'"). In other pixel tracking cases, Judges Tigar and Illstrom have denied requests for judicial notice of Meta's policies for these reasons. *St. Aubin,* 2024 WL 4369675, at *2–3; *Gershzon,* No. 23-CV-00083-SI (VKD), dkt. 90 at 13, fn. 3 (Exhibit A).

Here, Defendant submits only one version of each Policy. *See, e.g.*, Request for Judicial Notice at 2 (describing Exhibit 5 as "Meta's 'Cookies Policy' as it appeared in February, March, and July of 2024", describing Exhibits 6–7 as "Meta's Privacy Policy as it appeared in February and March of 2024" and a related popup from the same time period, describing Exhibits 8–9 as "Meta's Privacy Policy as it appeared in July of 2024" and a related popup from the same time period, describing Exhibit 10 as "Meta's Terms of Service as it appeared in February, March and July of 2024," and omitting any time period for Exhibit 14, presumably because it is not known). This is problematic because these policies themselves reference the existence of prior versions. Defendant's assertions that the versions they submit are the only relevant versions on certain issues, and that they were in effect at particular times, are not judicially noticeable as uncontested facts.

***Second***, the standards for evidence are not *lower* on a motion to dismiss, and Exhibits 2–14 are not properly authenticated. Defendant's supporting declaration is from Mr. Sandoval, Rack Room's lawyer. Notwithstanding his general statement that he "make[s] this declaration of my personal knowledge and my review of the litigation files kept in the ordinary course of business," (¶ 1) his declaration is devoid of any actual personal knowledge. Nor does he even include general descriptions of the basis for his argument that he knows each document to be authentic. For most documents, he simply asserts that each document is a true and correct copy of itself. But an attorney's "conclusory recitation does not satisfy the requirements of Fed. R. Evid. 602 that evidence be introduced sufficient to support a finding that she has personal knowledge." *Garcia v. Fannie Mae*, 794 F. Supp. 2d 1155, 1161–62 (D. Or. 2011) (cleaned up). The need to establish whether Mr. Sandoval has any personal knowledge is particularly acute here because all 13 of the documents in dispute were created by third parties. Absent some basis, one cannot simply assume that Mr. Sandoval would have sufficient knowledge to authenticate these documents. In some places, Mr. Sandoval indicates that his "office" obtained the document from "the Wayback Machine" internet archive tool. But that fact definitionally cannot establish his firsthand knowledge as to the authenticity of the documents themselves, none of which were created by Mr. Sandoval's "office" or even the Wayback

Machine. Nor does his declaration include any firsthand knowledge about the Wayback Machine itself or whether what the Wayback Machine collected is in fact a policy that was in effect during the claimed time periods.

***Third***, Defendant seeks to use these Exhibits to establish facts in dispute. For example, Defendants cite specific Meta policies to argue that Plaintiffs knew that their information was not private and implicitly consented to sharing it. Mtn. to Strike at 4. The meaning of those policies, the time periods in which they operate, and their interaction with Rack Room's policies[1] are very much in dispute. *See Khoja*, 899 F.3d at 1000 (holding that it is improper to judicially notice a document when the substance "is subject to varying interpretations, and there is a reasonable dispute as to what [it] establishes.") (citation omitted); *Fairbairn v. Fid. Investments Charitable Gift Fund*, No. 18-04881, 2018 WL 6199684, at *4 n.3 (N.D. Cal. Nov. 28, 2018) (declining to take judicial notice of document because "Plaintiffs dispute the relevance of the document to the complaint allegations and what inferences can be drawn from it.").

Similarly, Defendant's motion to strike (mtn. at 4) brings in new evidence about an "Off-Facebook Activity Report" without providing any information about who it was available to and how that offering might have been modified over time. Their argument relies on Exhibit 13, a Meta document that employs vague terminology, leaving its connection to Meta's pixel policies and practices unclear. The document's meaning—and the true nature of the Meta policies and practices it allegedly evidences—are, at a minimum, not appropriate for judicial notice.

## II. Exhibits 5, 6, 8, 10, and 14 are not incorporated by reference.

The incorporation-by-reference doctrine applies in narrow circumstances: if "plaintiff refers extensively to the document or the document forms the basis of [his] claim," *Khoja*, 899 F.3d at 1002 (*quoting U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)), and "no party questions" the document's authenticity, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), and there are "no

[1] As Plaintiffs argue in their omnibus opposition, where Rack Room's policies indicate that certain information will not be shared, that is the end of the analysis. Meta's policies only permit the sharing of information that is already shareable and, indeed, prohibit the sharing of information which cannot be shared.

disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Meta's Exhibits fail on all three fronts.

***First,*** the Complaint does not refer "extensively" to Exhibits 5, 6, 8, 10, and 14, and none of Plaintiffs' claims are based on these documents. These are all third-party documents, none of which were created by or are otherwise about Rack Room. Plaintiffs' complaint cites to certain versions of Meta's policies to underscore that even in the most up to date versions of a third-party's documents, they did not consent to having their private information disclosed. Compl. ¶¶ 87–91. That reference, concerning an issue where Plaintiffs bear the burden of proof, does not equate to an admission that these specific policies apply and that they applied during the time periods that Defendant has chosen. Plaintiffs' limited illustrative references do not convert Meta's Policies or press releases into the basis of their claims. *See Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 478 (N.D. Cal. 2021) (denying request to incorporate policies that were "not the primary driver behind Plaintiffs' claims.")

***Second,*** as set forth above, outside counsel's declaration does not resolve questions about the authenticity of Meta's Policies, particularly because Rack Room relies on them to defend against claims arising prior to their date of asserted publication. *See Id.; Olivera v. Am. Home Mortg. Servicing, Inc.*, 689 F. Supp. 2d 1218, 1222–23 (N.D. Cal. 2010) (quotation omitted).

***Third,*** the materials are at most, marginally relevant. The inferences Defendant seeks to draw from them do not support valid defenses to Plaintiffs' claims, as Plaintiffs discuss in their opposition brief. *See Khoja*, 899 F.3d at 1003.

## III. Defendant's authorities are largely inapplicable.

All but one of the authorities that Defendant cites precede the Ninth Circuit's decision in *Khoja*. The only case Defendant cites from after *Khoja* is *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118 (S.D. Cal. 2018). But while *In re Packaged Seafood Prods.* was decided shortly after *Khoja*, it does not take it into account, possibly because it was not part of the briefing. Defendant also ignores decisions from other pixel cases finding that Meta's policies are not judicially

noticeable. *St. Aubin*, 2024 WL 4369675, at *2–3; *Gershzon,* No. 23-CV-00083-SI (VKD), dkt. 90 at 13, fn. 3 (N.D. Cal., August 22, 2023) (Exhibit A).

Defendant also cites authority arising from distinct factual contexts. Several of Defendant's authorities do not concern motions to dismiss or strike. *See, e.g.*, *Matthews v. Nat'l Football League Mgmt.*, 688 F.3d 1107 (9th Cir. 2012) (motion to vacate arbitration award). Defendant also cites cases where—unlike here—specific documents were foundational to a case and their authenticity was not contested. *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (authenticity not contested, materials were necessary context).

For these reasons, this Court should grant Defendant's request as to Exhibit 1, which is not opposed. The remainder of Defendant's request, as to Exhibits 2–14, should be denied in full.

Dated: February 13, 2025

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

By: */s/ Michael A. Pineiro*
Michael A. Pineiro

*Attorney for Plaintiffs*