BLANK ROME LLP
Ana Tagvoryan (SBN 246536)
ana.tagvoryan@blankrome.com
Victor Sandoval (SBN 344461)
victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

*Attorneys for Defendant*
Rack Room Shoes, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| DEMETRIUS SMITH, et al.,<br>Plaintiffs,<br>v.<br>RACK ROOM SHOES, INC.,<br>Defendant. | Case No. 3:24-cv-06709-RFL<br>[*Assigned to Judge Rita F. Lin*]<br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO SCHEDULE AN INITIAL CASE MANAGEMENT CONFERENCE**<br>Complaint Filed: September 24, 2024<br>Complaint Served: October 9, 2024 |

Defendant Rack Room Shoes, Inc. respectfully submits this response to Plaintiffs' Motion to Schedule an Initial Case Management Conference (the "Motion" or "Mot.").

Plaintiffs have failed to articulate any concrete reason why the relief requested is necessary or appropriate given that the Court vacated the previously scheduled initial case management conference, expressly stating that it would be reset, if necessary, after the pleadings were settled. This makes sense, given that the four of the seven causes of action asserted by Plaintiffs were dismissed by the Court and after the Court had occasion to review the parties joint scheduling report.

Moreover, Plaintiffs themselves concede that discovery is underway and will proceed on the settled claims regardless of the outcome of Defendant's anticipated motion to dismiss the Second Amended Complaint ("SAC") with respect to the amended claims.

The administrative relief motion fails to identify what relief the Plaintiffs need at this juncture. In any event, to the extent helpful to the Court, the Defendant anticipates noticing its next round of motions challenging the pleadings on May 20, 2025, to be heard at the earliest available date and time that works for the parties.

## BACKGROUND

Plaintiffs' initial complaint asserted three causes of action for under the California Invasion of Privacy Act ("CIPA") sections 631 and 632, and for invasion of privacy. Plaintiffs' First Amended Complaint ("FAC") asserted seven causes of action, including claims under the federal Wiretap Act, CIPA sections 631 and 632, California's Computer Data Access and Fraud Act ("CDAFA"), invasion of privacy, California's Unfair Competition Law ("UCL"), and the California Consumer Legal Remedies Act ("CLRA").

On January 13, 2025, the Court vacated the previously scheduled initial case management conference, expressly stating that it would be reset, if necessary, after the pleadings were settled.[1]

[1] By that point, the parties had already filed a joint scheduling conference statement, laying out the issues in the case. *See* ECF Nos. 33, 34; *see also* ECF No. 35 (Defendant's Statement of Plaintiffs' Non-Compliance with General Order No. 45, notifying Court that Plaintiffs filed the joint statements with additional revisions and without concurrence of the listed signatories).

On April 4, 2025, the Court dismissed four of the FAC's claims (the Wiretap Act, CDAFA, UCL, and CLRA) without prejudice. On April 25, 2025, Plaintiffs filed a Second Amended Complaint, which Defendant intends to challenge on May 20, 2025.

Plaintiffs now move to schedule an initial case management conference, arguing that discovery is open and that a conference would promote judicial efficiency. However, Plaintiffs have not identified any reason why an initial case management conference is necessary or would be productive at this time, nor have they demonstrated any prejudice resulting from waiting until the pleadings are settled.

## ARGUMENT

### I. Plaintiffs Have Not Identified A Need for an Initial Case Management Conference

Plaintiffs' motion is notably devoid of any specific justification for the relief requested. Plaintiffs do not identify any discovery dispute, scheduling issue, or other case management problem that requires immediate judicial intervention. Instead, Plaintiffs rely on the general proposition that a case management conference is "now necessary and appropriate" because discovery is open and the Court denied in part the motion to dismiss. This is insufficient.

The Northern District of California's Local Rules and the Federal Rules of Civil Procedure contemplate that a case management conference is to be held at an appropriate time, typically after the pleadings are settled and the scope of the case is clear. Here, the pleadings are not yet settled. Plaintiffs have filed a Second Amended Complaint, and Defendant intends to move to dismiss that complaint. The outcome of that motion may further narrow or clarify the issues in dispute, potentially obviating the need for certain discovery or altering the scope of the case. Scheduling a case management conference now would be inefficient and could require the parties and the Court to revisit case management issues after the pleadings are resolved.

Moreover, Plaintiffs themselves concede that "discovery into those core allegations has already begun, and it will continue regardless of how Defendant's motion is decided." Mot. at 3. In other words, Plaintiffs admit that the absence of a case management conference is not impeding their ability to conduct discovery. Plaintiffs do not identify any discovery that they are unable to pursue, nor do they claim that Defendant has refused to participate in discovery or

otherwise obstructed the process. Plaintiffs' own admission that discovery will proceed regardless of the outcome of Defendant's motion undermines any claim of prejudice or urgency.

**II. Plaintiffs' Motion Is Premature Given the Unsettled Pleadings**

The Court's prior order vacating the initial case management conference was clear: the conference would be reset, if necessary, after the Court's rulings on Defendants' motions to dismiss. That order reflects the common-sense principle that case management conferences are most productive when the pleadings are settled and the parties and the Court have a clear understanding of the claims and defenses at issue.

Plaintiffs' filing of a SAC has reopened the pleadings. Defendant intends to move to dismiss the SAC, and the outcome of that motion may further narrow the claims or otherwise affect the scope of discovery and case management. Holding a case management conference before the pleadings are settled would be inefficient and could result in duplicative or unnecessary proceedings. The Court and the parties would be forced to address case management issues that may become moot or require revision after the motion to dismiss is resolved.

Plaintiffs argue that the claims in the SAC "require much of the same proof as the claims that have already been upheld," and that "discovery into those core allegations has already begun, and it will continue regardless of how Defendant's motion is decided." Mot. at 3. This argument misses the point. The purpose of a case management conference is not simply to rubber-stamp ongoing discovery, but to facilitate the efficient and orderly progression of the case. If the pleadings are further narrowed or clarified as a result of Defendant's motion to dismiss, the parties and the Court will be in a better position to address case management issues in a targeted and efficient manner.

**III. Plaintiffs' Motion Is Inconsistent with Judicial Economy**

Scheduling an initial case management conference at this stage would not promote judicial efficiency; it would undermine it. The Court's resources are best conserved by addressing case management issues after the pleadings are settled and the scope of the case is clear. Plaintiffs' motion would require the Court and the parties to expend time and resources on case management issues that may soon become moot or require revision.

Plaintiffs cite Local Rules 16-2(a) and 16-10(c) and Federal Rule of Civil Procedure 16(b) for the proposition that a case management conference should have already occurred. However, both the Local Rules and the Federal Rules provide the Court with discretion to manage the timing of case management conferences, and neither of the local rules speak to *initial* cases management conferences. *See* 16-10(c). Here, the Court has already exercised that discretion by vacating the initial case management conference and indicating that it would be reset, if necessary, after the motion to dismiss is resolved. Plaintiffs offer no reason to depart from the Court's prior order or to disrupt the orderly progression of the case.

**IV. Plaintiffs' Motion Fails to Identify Any Prejudice or Harm**

Plaintiffs do not claim that they will suffer any prejudice or harm if the case management conference is deferred until after the pleadings are settled. Plaintiffs do not identify any discovery that they are unable to pursue, any scheduling issue that requires immediate attention, or any other case management problem that necessitates judicial intervention. Plaintiffs' only argument is that a case management conference would "help streamline discovery disputes and move this case forward in an orderly manner." Mot. at 2. But Plaintiffs do not identify any actual discovery dispute or disorder that requires the Court's attention.

To the contrary, the parties have already held a Rule 26 conference, and Plaintiffs have served their first set of discovery requests. Defendant has not refused to participate in discovery or otherwise impeded the process. Plaintiffs' own admission that "discovery... will continue regardless of how Defendant's motion is decided" confirms that there is no urgent need for a case management conference.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motion to Schedule an Initial Case Management Conference or schedule it for a time after the briefing on the Second Amended Complaint.

DATED: May 7, 2025

BLANK ROME LLP

By: */s/ Victor Sandoval*
Ana Tagvoryan
Victor Sandoval
Attorneys for Defendant
RACK ROOM SHOES, INC.