**THE FREEDMAN FIRM PC**
Michael G. Freedman (Cal. Bar No. 281279)
1801 Century Park East, Ste. 450
Los Angeles, California 90067
Telephone: (310) 285-2210
E-Mail: michael@thefreedmanfirm.com

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
Michael A. Pineiro (*pro hac vice*)
Brandon S. Floch (*pro hac vice* forthcoming)
Christopher R. Reilly (*pro hac vice*)
2 South Biscayne Blvd., Suite 2530
Miami, FL 33131
Telephone: (305) 400-4260
E-Mail: mpineiro@mnrlawfirm.com
bfloch@mnrlawfirm.com
creilly@mnrlawfirm.com

**LEVIN LAW, P.A.**
Brian Levin (*pro hac vice*)
2665 S. Bayshore Dr., Ph. 2B
Miami, FL 33133
Telephone: (305) 402-9050
E-Mail: brian@levinlawpa.com

Jacob Polin (Cal. Bar No 311203)
344 20th Street
Oakland, CA 94612
Telephone: (305) 402-9050
E-Mail: jacob@levinlawpa.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEMETRIUS SMITH, ROBIN SAVAGE, and MAIA WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>RACK ROOM SHOES, INC.,<br><br>Defendant. | Case No. 3:24-cv-06709-RFL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS SECOND MOTION TO DISMISS AND/OR STRIKE** |

Defendant Rack Room Shoes, Inc.'s ("Rack Room")'s Request for Judicial Notice (Dkt. 59-2, "RJN") asks this Court to take judicial notice of eight documents. Defendant made a similar request in connection with its first motion to dismiss (Dkt. 38). After evaluating that request, this Court denied all portions of Defendant's request that were opposed. Dkt. 52, fn. 1 (denying Defendant's request as to exhibits 2–14).

Of the fourteen documents Defendant had sought judicial notice of in that request, six were cited in at least one portion of the complaint. Dkt. 38 at 3. One of those six documents (exhibit 1, dkt. 38-1), was Rack Room's own privacy policy, which Plaintiffs contend that Rack Room breached. Given its role in the complaint, Plaintiffs did not oppose the request to take judicial notice of that document. *See* Dkt. 46 at 1. But the other exhibits that were cited at least once in the complaint were documents drafted by (non-governmental) third-parties whose connection to the complaint was not comparable. Dkt. 38 at 2. As with all thirteen documents in dispute, this Court denied the motion to take judicial notice of all five of those exhibits (5, 6, 8, 10, and 14) notwithstanding select citations to them in the complaint. Dkt. 52, fn. 1.

Here, Defendant requests that the court take judicial notice of eight other exhibits, which are also only cited briefly in the complaint. This Court should decline that request as well.

## STANDARD

On a motion to dismiss, the general rule is that a court may not consider materials beyond the pleadings. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). This rule has only two exceptions: judicial notice under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine. *Id.* With respect to both exceptions, the Ninth Circuit has cautioned against their "overuse and improper application." *Id.* "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999 (citations omitted).

Judicial notice only applies to adjudicative facts that are “not subject to reasonable dispute” because they are “generally known” or “can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.” Fed. R. Evid. 201(b)(1)–(2). Typically those sources are public records. So an “undisputed matter[] of public record” may be judicially noticed; but “disputed facts stated in public records” cannot. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

**ARGUMENT**

Defendant’s request here to take judicial notice of eight exhibits cited once—or occasionally twice—in the complaint should also be rejected. The incorporation-by-reference doctrine applies in narrow circumstances: if “plaintiff *refers extensively* to the document or the document forms the basis of [his] claim,” *Khoja,* 899 F.3d at 1002 (*quoting U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)) (emphasis added), and “no party questions” the document’s authenticity, *Daniels-Hall v. Nat’l Educ. Ass’n*, 629 F.3d 992, 998 (9th Cir. 2010), and there are “no disputed issues as to the document’s relevance.” *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

In those cases—also cited in Plaintiffs’ prior opposition—the Ninth Circuit explained that “the mere mention of the existence of a document is insufficient to incorporate the contents of a document” into the complaint. *Coto Settlement* 593 F.3d at 1038 (citing cases); *accord Khoja,* 899 F.3d at 1002. Instead, the incorporation by reference doctrine typically applies where the complaint “necessarily relies upon” a document or a document is “integral” to the complaint. *Coto Settlement,* 593 F.3d at 1038; *accord Khoja,* 899 F.3d at 1002 (explaining that notice would be appropriate where a complaint “refers extensively to the document or the document forms the basis of [his] claim”); *see also Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 478 (N.D. Cal. 2021) (denying request to incorporate policies that were “not the primary driver behind Plaintiffs’ claims.”)

Defendant’s motion does not meet this test. These documents are only cited once—or occasionally twice—in the complaint. Incorporating such documents by reference would be inconsistent with Ninth Circuit law. Doing so would be particularly problematic in this context. The

documents at issue are not governmental reports or documents confirming a single fact. Most of them are academic and news articles covering a range of advertising technology and data topics. The complaint only references discrete portion(s) of these documents as support for particular allegations. Those single citations do not justify a conclusion that every single fact in each article "is not subject to reasonable dispute" and should be accepted as true. *See* Fed. R. Evid. 201. To the contrary, there may be—at the very least—sentences in these documents which could be subject to reasonable questions, particularly as to very specific issues they may discuss in portions not cited in the complaint (or, for that matter, Defendant's opposition). Admitting the entirety of those documents into evidence here would be improper.

Defendant's argument that this Court should take judicial notice of these documents because they are "Are Articles and Websites Published on the Internet" is incorrect. Dkt. 59-2 at 3. "[C]ourts should be cautious before taking judicial notice of documents simply because they were published on a website." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1033 (N.D. Cal. 2018); *id.* at 1032 ("the records of private parties have no [ ] imprimatur of reliability, and neither do their websites."); Fed. R. Evid. 201(b)(2). Webpages are also modified over time and may not reflect the evidence relevant to the actual claims asserted. *See Moorer v. Stemgenex Med. Group, Inc.*, No. 16-02816, 2017 WL 1281882, at *4 (S.D. Cal. Apr. 6, 2017) (declining to judicially notice screenshots of webpages because "the ever-changing content" made the pages' accuracy incapable of "ready determination"); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) (declining judicial notice, noting that "whether these are the webpages Plaintiffs would have viewed during their online transactions is subject to 'reasonable dispute'"). In other pixel tracking cases, Judges Tigar and Illstrom have denied requests for judicial notice of Meta's policies for these reasons. *St. Aubin v. Carbon Health Techs., Inc.,* No. 24-CV-00667-JST, 2024 WL 4369675, at *2–3 (N.D. Cal. Oct. 1, 2024); *Gershzon,* No. 23-CV-00083-SI (VKD), dkt. 90 at 13, fn. 3 (previously submitted in dkt. 46-1); *see also* dkt. 52, fn. 1 (citing *St. Aubin,* 2024 WL 4369675).

That last point applies with particular force to exhibit 6, which is a document from Meta's business center "About lookalike audiences." This document is even less reliable than a policy since it is the type of webpage that could be subject to even more frequent updates.

Defendant's deployment of these online articles is also problematic. Its motion uses these articles to dispute a fact alleged in the complaint. Specifically, Defendant's motion attempts to contrast Plaintiffs' allegation with what it contends certain online sources show to be true:

> The SAC attempts to support the assertion that single-website browsing and purchase activity "has financial value" by citing a handful of articles and studies. SAC ¶¶ 143-48. However, a review of these sources proves that none of them support the proposition that browsing or purchase activity on a single retailer's website has any independent, marketable value to Plaintiffs themselves that would support economic harm sufficient to state Plaintiffs' claims. Instead, these sources address the value of broad, aggregated, or cross-platform data, or the value to companies of large-scale data analytics—not the value of isolated, single-site activity.

Dkt. 59-1 at 14. But judicially noticing a document to dispute a fact is antithetical to the entire purpose of judicial notice. *Khoja*, 899 F.3d at 1003 ("it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint"). "This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Id.* It is also fatal to Defendant's request here, which is fundamentally about trying to create a record may alter facts that are inconvenient for its motion to dismiss. This Court should not entertain that exercise.

For the forgoing reasons, Defendant's motion should be denied.

Dated: June 17, 2025

**LEVIN LAW, P.A.**
By: *<u>/s/ Jacob Polin</u>*
Jacob Polin (Cal. Bar No. 311203)
Brian Levin (*pro hac vice*)

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
Michael A. Pineiro (*pro hac vice*)
Brandon S. Floch (*pro hac vice* forthcoming)
Christopher R. Reilly (*pro hac vice*)

**THE FREEDMAN FIRM PC**
Michael G. Freedman

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on June 17, 2025, the foregoing was served on Defendant's counsel of record via ECF.

By: *Jacob Polin*
**LEVIN LAW, P.A.**