BLANK ROME LLP
Ana Tagvoryan (SBN 246536)
ana.tagvoryan@blankrome.com
Harrison Brown (SBN 291503)
Harrison.brown@blankrome.com
Victor Sandoval (SBN 344461)
victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

*Attorneys for Defendant*
Rack Room Shoes, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| DEMETRIUS SMITH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RACK ROOM SHOES, INC.,<br><br>Defendant. | Case No. 3:24-cv-06709-RFL<br><br>[*Assigned to Judge Rita F. Lin*]<br><br>**REPLY IN SUPPORT OF DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: July 8, 2025<br>Time: 10:00 a.m.<br>Courtroom: 15<br><br>Complaint Filed: September 24, 2024<br>Complaint Served: October 9, 2024<br>Trial Date: None set |

## I. INTRODUCTION

Plaintiffs' opposition (ECF No. 69; "Opp." or "Opposition") to Defendant Rack Room Shoes, Inc.'s Request for Judicial Notice (ECF No. 59-2; "RJN") is premised on a misapplication of the incorporation by reference doctrine and a misunderstanding of its purpose and scope. Plaintiffs do not dispute the authenticity or accuracy of the documents at issue. Nor do they contest that these documents are directly quoted, cited, and relied upon in their Second Amended Complaint ("SAC")—or that they form the basis of Plaintiffs' claims. Instead, Plaintiffs seek to prevent the Court from considering the entirety of the very materials upon which their claims are based, in an effort to shield their allegations from scrutiny and to selectively present only those portions of the documents that support their narrative, while ignoring those that undermine it. This is precisely the type of gamesmanship the incorporation by reference doctrine is designed to prevent. Plaintiffs' argument should be rejected and the articles that they relied on in the SAC to form the basis of the elements of economic injury and damages supporting their claims should be considered in their entirety.

## II. THE INCORPORATION BY REFERENCE DOCTRINE APPLIES TO DOCUMENTS QUOTED, CITED, AND RELIED UPON IN THE COMPLAINT

Plaintiffs argue that the documents attached to Defendant's RJN are not sufficiently referenced in the SAC, and therefore cannot be incorporated by reference. This is incorrect as a matter of law and fact.

The Ninth Circuit has made clear that a document may be incorporated by reference into a complaint if the plaintiff refers to it, even if only once, and the document forms the basis of the plaintiff's claim. "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document ***or*** the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis supplied); *see also* RJN at 2–3 (citing *Ritchie and Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). "A document forms the basis of a claim when it serves as the foundation for an element of the claim." *Saedi v. SPD Swiss Precision Diagnostics GmbH*, No. 2:24-CV-06525-WLH-E, 2025 WL 1141168, at *3 (C.D. Cal. Feb. 27, 2025) (citing *Khoja v.*

*Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). The purpose of this doctrine is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Here, Plaintiffs' SAC does not merely mention the existence of the documents at issue. Plaintiffs quote, cite, and link to these articles and online materials as the basis for their allegations of economic injury and damages—which are elements of their Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), and Computer Data Access and Fraud Act ("CDAFA") claims. *See, e.g.*, RJN at 2 (listing SAC citations to Exhibits 1–8). These are not passing references; they are the foundation for Plaintiffs' theory that their browsing and purchase data has independent, marketable value and that its alleged misappropriation caused them economic harm. They thus form the basis of Plaintiffs' claims and are properly incorporated by reference.

Plaintiffs' attempt to distinguish the Court's prior order incorporating by reference Defendant's privacy policy (*see* Opp. at 2) is unavailing. The privacy policy was incorporated because it was quoted, cited, relied upon in the complaint, and form the basis of Plaintiffs' claims. The same is true here. Each of the documents at issue is directly quoted, cited, and relied upon in the SAC, and forms the basis of the elements of economic injury and damages. Plaintiffs' argument that the incorporation by reference doctrine only applies to documents referenced "extensively" or "integral" to the complaint is a misstatement of the law. Courts routinely incorporate by reference documents that are cited only once in a complaint, so long as the complaint necessarily relies on them or they form the basis of a claim. *See, e.g.*, *Saedi*, 2025 WL 1141168, at *3.

## III. PLAINTIFFS DO NOT DISPUTE THE AUTHENTICITY OR ACCURACY OF THE DOCUMENTS

Plaintiffs do not challenge the authenticity or accuracy of the documents attached to Defendant's RJN. *See* Opp. at 3–4. This is a critical point. The Ninth Circuit has held that incorporation by reference is proper where "no party questions" the document's authenticity. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Plaintiffs' silence on this

issue is a tacit admission that the documents are what they purport to be—as they must be, because the documents were obtained from the links that Plaintiffs provided in the SAC.

Instead, Plaintiffs speculate that "there may be—at the very least—sentences in these documents which could be subject to reasonable questions, particularly as to very specific issues they may discuss in portions not cited in the complaint." Opp. at 4. This argument misses the point. The relevant inquiry is whether the documents themselves are subject to reasonable dispute as to their authenticity or accuracy—not whether every sentence within them is immune from challenge. *See* Fed. R. Evid. 201(b); RJN at 4–5. Plaintiffs' position would render the incorporation by reference doctrine meaningless, as virtually any document could be excluded on the basis that some portion of it might be disputed. The law is clear: if the document is authentic and its accuracy is not reasonably in question, it may be incorporated by reference and considered in its entirety. *Daniels-Hall*, 629 F.3d at 998.

## IV. PLAINTIFFS' ARGUMENTS ABOUT THE SCOPE OF JUDICIAL NOTICE AND THE NATURE OF THE DOCUMENTS ARE MISPLACED

Plaintiffs argue that the documents at issue are not "governmental reports or documents confirming a single fact," but rather "academic and news articles covering a range of advertising technology and data topics." Opp. at 4. This is irrelevant. The incorporation by reference doctrine is not limited to governmental reports or single-fact documents. It applies to any document that is quoted, cited, or relied upon in the complaint and whose authenticity is not in dispute. *See* RJN at 3–4 (citing numerous cases where courts have incorporated by reference articles, websites, and other materials).

Plaintiffs also contend that "webpages are also modified over time and may not reflect the evidence relevant to the actual claims asserted." Opp. at 4. This argument is unpersuasive. Defendant has provided true and correct copies of the documents that Plaintiffs' cited in the SAC using the citations that Plaintiffs provided. And, Plaintiffs do not question their authenticity. Courts routinely take judicial notice of archived webpages and online materials where, as here, their authenticity is not reasonably in question. *See, e.g., UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017); RJN at 5.

## V. PLAINTIFFS' ATTEMPT TO LIMIT THE COURT'S CONSIDERATION TO SELECTED PORTIONS OF THE DOCUMENTS IS IMPROPER

Plaintiffs' Opposition is, at bottom, an attempt to have the Court consider only those portions of the documents that seemingly support their allegations, while ignoring those that undermine them. Plaintiffs argue that "the complaint only references discrete portion(s) of these documents as support for particular allegations," and that "those single citations do not justify a conclusion that every single fact in each article 'is not subject to reasonable dispute' and should be accepted as true." Opp. at 4. But this is not the standard. The incorporation by reference doctrine exists precisely to prevent plaintiffs from cherry-picking favorable excerpts from documents while excluding unfavorable portions. *See* RJN at 3 (citing *Knievel*, 393 F.3d at 1076); *see also Villarroel v. Recology Inc.*, No. 24-CV-03266-HSG, 2025 WL 948005, at *3 (N.D. Cal. Mar. 28, 2025) (the incorporation by reference doctrine exists to "prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims") (citing *Khoja*, 899 F.3d at 1002).

It would be patently unfair to allow Plaintiffs to rely on these documents as the basis for their claims, but preclude Defendant from referring to other portions of the same documents that defeat Plaintiffs' allegations. The Court should reject Plaintiffs' invitation to engage in selective consideration of the record.

## VI. PLAINTIFFS' RELIANCE ON CASES LIMITING JUDICIAL NOTICE OF ONLINE MATERIALS IS MISPLACED

Plaintiffs cite *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025 (N.D. Cal. 2018), and other cases for the proposition that courts should be cautious before taking judicial notice of documents simply because they were published on a website. Opp. at 4. But Defendant is not asking the Court to take judicial notice of these documents merely because they are online. Rather, Defendant requests judicial notice because Plaintiffs themselves have incorporated by reference these documents when they quoted, cited, and relied upon these documents in the SAC, and their authenticity is not in dispute. *See* RJN at 3–5.

Moreover, the cases Plaintiffs cite are distinguishable. In *Rollins*, the court declined to

take judicial notice of private party records that were not referenced in the complaint. Here, by contrast, the documents are directly quoted, cited, and relied upon in the SAC, and they form the basis of Plaintiffs' claims. Similarly, in *St. Aubin v. Carbon Health Techs., Inc.*, No. 24-CV-00667-JST, 2024 WL 4369675 (N.D. Cal. Oct. 1, 2024), and the other cases Plaintiffs rely on, the courts declined to take judicial notice of Meta's policies where their relevance and authenticity were in dispute and the relevant documents were not cited in the Plaintiffs' complaint and did not form the basis of the plaintiffs' claims. That is not the case here.

## VII. PLAINTIFFS' ARGUMENT THAT DEFENDANT SEEKS TO USE THE DOCUMENTS TO "DISPUTE FACTS" IS INCORRECT

Plaintiffs assert that Defendant's motion "uses these articles to dispute a fact alleged in the complaint," and that "judicially noticing a document to dispute a fact is antithetical to the entire purpose of judicial notice." Opp. at 5. This mischaracterizes Defendant's position. Defendant does not seek to dispute the existence of facts, but rather to provide the full context of the documents upon which Plaintiffs' claims are based. The incorporation by reference doctrine allows the Court to consider the entire document, not just the cherry-picked portions cited by Plaintiffs. *See* RJN at 3; *Knievel*, 393 F.3d at 1076.

Although it may be improper to assume the truth of an incorporated document only to dispute facts stated in a well-pleaded complaint, that is not what Defendant seeks here. *Khoja*, 899 F.3d at 1003. Defendant merely asks the Court to consider the entirety of the documents Plaintiffs have put at issue, so that the Court may properly evaluate whether Plaintiffs' allegations are supported by the materials they themselves have cited.

## VIII. THE COURT SHOULD INCORPORATE BY REFERENCE THE DOCUMENTS AT ISSUE

For all the reasons set forth above and in Defendant's RJN, the Court should find that the documents attached as Exhibits 1–8 to the RJN are incorporated by reference into the SAC. Plaintiffs have quoted, cited, and relied upon these documents as the basis for their claims. Plaintiffs do not dispute the authenticity or accuracy of the documents. The incorporation by reference doctrine applies even where a document is cited only once in a complaint, so long as

the complaint necessarily relies on it or it forms the basis of a claim. *See, e.g.*, *Saedi*, 2025 WL 1141168, at *3. It would be fundamentally unfair to allow Plaintiffs to rely on these documents while precluding Defendant from referring to other portions that undermine Plaintiffs' allegations.

**IX. CONCLUSION**

Plaintiffs' Opposition is an attempt to shield their allegations from scrutiny by selectively quoting articles that do not actually support their position. The law does not permit such gamesmanship. The Court should grant Defendant's request to incorporate by reference Exhibits 1–8, and consider them in their entirety in ruling on Defendant's motion to dismiss and/or strike the Second Amended Complaint.

DATED: June 24, 2025 BLANK ROME LLP

By: */s/ Ana Tagvoryan*
Ana Tagvoryan
Victor Sandoval
Attorneys for Defendant
RACK ROOM SHOES, INC.