**BLANK ROME LLP**
Ana Tagvoryan (SBN 246536)
ana.tagvoryan@blankrome.com
Victor Sandoval (SBN 344461)
victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

*Attorneys for Defendant*
Rack Room Shoes, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| DEMETRIUS SMITH, ROBIN SAVAGE, and MAIA WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>RACK ROOM SHOES, INC.,<br><br>Defendant. | Case No. 3:24-cv-06709-RFL<br><br>**DEFENDANT'S RESPONSE TO MOTION TO AMEND PRETRIAL SCHEDULE**<br><br>Complaint Filed: September 24, 2024<br><br>Trial Date: None set |

**I. INTRODUCTION**

Plaintiffs' motion to further extend the deadline to amend the pleadings should be denied. Plaintiffs have already had multiple opportunities to amend their complaint, and their current request—filed less than four days before the existing deadline—is premised on the desire to add even more causes of action and expand the scope of this litigation without providing any real justification as to why this could not have been done in the timeline provided for by the scheduling order. Plaintiffs' reference to the pending motion to dismiss and the Court's order on same is a red-herring. The Court will issue an order as to whether the few outstanding causes of action can proceed. There is no indication that the Court will grant the motion with leave to amend, much less allow amendment to raise additional causes of action or bolster claims related to other third parties; in fact, it will likely not allow further amendment in its order, given that the Court has already thoroughly considered the pleadings and arguments of the parties on prior iterations of the pleadings. Plaintiffs also cite to the May 28, 2025 case management conference as somehow justifying their request for additional time. However, the conference only underscores reasons not to further extend the amendment deadline; mainly, the obvious fact that Plaintiffs were clearly aware of the status of the pleadings since then and still proposed to the current amendment deadline, which the Court adopted. Plaintiffs' effort to circumvent the trajectory of the case through expansion of the pre-trial scheduling order is prejudicial to Defendant and will further delay resolution of this case. Plaintiffs' motion also fails to comply with the requirements of Civil Local Rule 6-1(b).

**II. PROCEDURAL HISTORY**

Plaintiffs initiated this action on September 24, 2024, asserting only two claims under sections 631 and 632 of the California Invasion of Privacy Act ("CIPA"). After Defendant moved to dismiss, Plaintiffs filed an amended complaint that added five new causes of action. In the meantime, the parties had submitted a joint case management statement in which Plaintiffs proposed a deadline to amend pleadings of March 16, 2025. *See* ECF Nos. 33, 34. Defendant moved to dismiss Plaintiffs' amended complaint, and the Court ultimately dismissed four out of seven causes of action, with leave to amend. ECF No. 52 ("Order"). The Court also specifically advised Plaintiffs that any "amended complaint may not add new claims, or parties, or otherwise change the allegations except to correct the identified

deficiencies, absent leave of the court or a stipulation by the parties pursuant to Federal Rule of Civil Procedure 15." *Id*. at 15. On May 21, 2024, the parties submitted their second joint initial case management statement, in which Plaintiffs proposed extending the deadline to amend the pleadings to July 28, 2025, and Defendant proposed maintaining the deadline that Plaintiffs had initially proposed—i.e., May 21, 2024. ECF No. 60. At the case management conference, after considering the allegations in detail, including those regarding the third party trackers that Plaintiffs cite to and the scope of the claims related to same, the Court adopted Plaintiffs' proposal and ordered a July 28, 2025 amendment deadline. ECF No. 61. Now, Plaintiffs seek to extend that deadline again, this time in an effort to file an amended pleading (their fourth) to "add additional causes of action" and further expand their allegations to cure "group pleading" and add third parties other than Meta and Attentive to the merits of their causes of action. Plaintiffs' only basis on extending the amendment deadline is the unsubstantiated anticipatory ruling on the pending motion to dismiss, which Plaintiffs say puts them in a dilemma. This is a red herring. Plaintiffs were on notice of the issues in the pleadings since the case management conference and they fail to put forth any justifiable reason for extending the amendment deadline that they themselves proposed. Plaintiffs have not provided good cause as to why they cannot meet their current amendment deadline. Given the trajectory of this case and the heavy pleading and discovery challenges to date, the amendment deadline should not be extended.

## III. PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE TO EXTEND THE PLEADING AMENDMENT DEADLINE

When a court enters a pretrial scheduling order establishing a deadline for amending the pleadings, a motion to amend that schedule is governed by Federal Rule of Civil Procedure, Rule 16(b). *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607–08 (9th Cir. 1992)). Under Rule 16(b), a plaintiff "must show good cause" for failing to amend the complaint "before the time specified in the scheduling order expired." *Id*. (quoting *Coleman v. Quaker Oats C*o., 232 F.3d 1271, 1294 (9th Cir. 2000)). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Id*. (citations omitted). Further, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion[.]" *Id.*

Plaintiffs provide no justification as to why they cannot move to amend their Complaint under the current schedule, other than referencing the pending motion to dismiss. This reference, however, is a red herring. The Court has previously advised, on prior rulings on Defendant's motion to dismiss, that no new causes of action could be added and any amendments stemming from an order granting leave to amend following a pleading challenge must address identified deficiencies. Order at 15. There is no reason to believe that the Court would digress from that position on its ruling on the current motion to dismiss; in fact, the Court is likely to rule in finality, without any further leave to amend, given the narrow issues remaining for the Court to address on the causes of action that were previously dismissed and amended.

Plaintiffs also mischaracterize Defendant's position on the current request. Defendant's position is that Plaintiffs should have outlined the reasons why they cannot meet the current amendment deadline, and provided a description of the amendments they intend to make and why, so that Defendant could assess whether Plaintiffs' proposal to extend the pre-trial schedule satisfied the standards of Rules 15 or 16. *See* Sandoval Decl. ¶ 2, Ex. A. Plaintiffs did not do so. *Id*. Moreover, Plaintiffs were not "somehow foreclosed" from seeking leave to amend within the timeline provided by the scheduling order, as they argue. Mot. at 2.

Plaintiffs have not made a showing of good cause by showing diligence, as they are required to. *Gold Value Int'l Texile, Inc. v. Sanctuary Clothing, LLC*, 2017 WL 3477746, at *9 (C.D. Cal. May 12, 2017) (quoting *Hood v. Hartford Life & Acc. Ins. Co*., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008)). Even if the pending motion to dismiss is a valid reason for extending the pleading deadline, Plaintiffs were on notice at least since the hearing on same (July 8, 2025), that they may need to extend the amendment deadline, but waited until four days before the deadline to reach out to defense counsel. Then, having filed the motion to extend at the eleventh hour, Plaintiffs' motion fails to include a proposed revised schedule at all, as required under Rule 16. *See, e.g., Un U Im v. Home Depot U.S.A., Inc*., 2017 WL 6558591, at *2 (N.D. Cal. Dec. 22, 2017). And, Plaintiffs concede that the issues giving rise to their desire to amend the Complaint have existed "[s]ince the onset of this case" and were discussed at length at the scheduling conference itself. Mot. at 3. Clearly there was no diligence—Plaintiff have not identified *anything* that has developed since the scheduling conference that could not

have been reasonably foreseen or anticipated at the time which would require a date for amendment past July 28, 2025. Plaintiffs have provided no reason for waiting until the eleventh hour to bring this motion. Indeed, Plaintiffs bring this motion under rule 6-1, instead of as a regularly noticed motion, because the time to bring a regularly noticed motion has passed. But, Plaintiffs' motion is also procedurally improper under Civil Local Rule 6-1(b), which requires that any motion to enlarge or shorten time affecting a scheduled event be filed at least 14 days before the event. Here, Plaintiffs filed their motion on July 25, 2025, seeking to move a deadline set for July 28, 2025—less than four days' notice. Plaintiffs' disregard for the Local Rules establishes lack of diligence in seeking to amend the order, and is another reason to deny the motion.

Furthermore, extending the amendment deadline would prejudice Defendant. Defendant has made every effort to cooperate and to ensure that discovery, which has commenced in substantial part, is proportional and consistent with the Court's guidance and the status of the pleading amendments to date. Plaintiffs' request for an indefinite extension of the amendment deadline based on the current motion to dismiss and the Court's anticipatory ruling on same would unnecessarily duplicate the proceedings and moot Defendant's motion to dismiss arguments, delay the settling of the pleadings, and halt the discovery efforts already underway. This is precisely the sort of prejudice that Rule 16 is intended to avoid. *See* 3 Moore's Federal Practice Civil 15.15[2] (2020) ("Prejudice is especially likely to exist if the amendment involves new theories of recovery or would require additional discovery.").

**VI. CONCLUSION**

Plaintiffs have already had ample opportunity to move to amend their complaint and have not shown good cause for yet another extension, particularly one that would allow them to add new causes of action and expand the scope of this litigation. Plaintiffs' motion should be denied.

DATED: July 29, 2025

**BLANK ROME LLP**

By: */s/ Ana Tagvoryan*
Ana Tagvoryan
Victor Sandoval
Attorneys for Defendant
RACK ROOM SHOES, INC.