**LEVIN LAW, P.A.**
Brian Levin (*pro hac vice*)
Jacob Polin (Cal. Bar No. 311203)
2665 S. Bayshore Dr., Ph. 2B
Miami, FL 33133
Telephone: (305) 402-9050
E-Mail: brian@levinlawpa.com
jpolin@levinlawpa.com

**MARCUS RASHBAUM PINEIRO & MEYERS LLP**
Michael A. Pineiro (*pro hac vice*)
Christopher R. Reilly (*pro hac vice*)
2 South Biscayne Blvd., Suite 2530
Miami, FL 33131
Telephone: (305) 400-4260
E-Mail: mpineiro@mrpfirm.com
creilly@mrpfirm.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEMETRIUS SMITH, ROBIN SAVAGE, and MIA WILLIAMS<br><br>Plaintiffs,<br><br>v.<br><br>RACK ROOM SHOES, INC.<br><br>Defendant. | Case No. 3:24-cv-06709-RFL<br><br>[*Assigned to Judge Rita F. Lin*]<br><br>PLAINTIFFS' REPLY TO THE MOTION FOR LEAVE TO AMEND<br><br>Complaint Filed: September 24, 2024<br>Complaint Served: October 9, 2024<br>Trial Date: None set |

**INTRODUCTION**

Defendant's opposition to Plaintiffs' motion for leave to amend is meritless. *First*, Defendant argues that Plaintiffs unduly delayed bringing their proposed amendment because "[t]he new allegations in Plaintiffs' PTAC are derived entirely from public websites." *See* ECF 102 ("MLA Opp.") at 7:10. But here, Plaintiffs promptly moved for leave to amend less than three months after the Court noted deficiencies regarding their allegations concerning third parties other than Meta and Attentive. *Second*, Defendant asserts that Plaintiffs file their Third Amended Complaint in bad faith because "the PTAC balloons the case to new vendors … that were never part of the dispute and have no basis becoming part of this suit." *See id.* 7:28–8:1. Not so. Plaintiffs' allegations in the Third Amended Complaint involve the same claims and the same legal theories as the Second Amended Complaint. *Third*, Defendant argues that the Third Amended Complaint will result in undue prejudice because Plaintiffs' allegations "needlessly expand the scope of discovery." *Id.* at 11:8. As courts have routinely held, however, additional discovery at this juncture cannot support undue prejudice. *Fourth*, Defendant argues that "amendment would be futile." *See id.* at 13:22. But here, Plaintiffs' claims have already survived a motion to dismiss. Because Defendant fails to explain why denying the proposed amendment is warranted, Plaintiffs' motion for leave to amend should be granted.

**BACKGROUND**

On September 24, 2024, Plaintiffs initiated this action against Rack Room, alleging that the online retailer "surreptitiously and illegally assists third parties with gathering personally identifiable information from Defendant's online customers, all while expressly misrepresenting to those customers that it would safeguard such information from disclosure." *See* ECF No. 1 ¶ 4. Plaintiffs alleged that, "[b]y assisting third parties with intercepting communications that it promised to keep confidential," Rack Room "violate[d] California law." *Id.* ¶ 5; *see also id.* ¶¶ 98–114 (alleging claims under CIPA § 631 and CIPA § 632).

On December 18, 2024, Plaintiffs filed their First Amended Complaint, and on January 16, 2025, Defendant submitted its motion to dismiss. *See* ECF No. 27, 36. On April 4, 2025, this Court granted in part and denied in part Defendant's motion to dismiss. *See* ECF No. 52. Although

the Court held that Plaintiffs' claims under CIPA § 631 and § 632 could proceed, the Court dismissed Plaintiffs' claim under the Wiretap Act without prejudice. *Id.* at 9.

On April 25, 2025, Plaintiffs filed their Second Amended Complaint, and, on May 20, 2025, Defendant filed its motion to dismiss. *See* ECF No. 53, 59. On August 4, 2025, the Court upheld Plaintiffs' claim under the Wiretap Act, holding that "[t]he SAC plausibly alleges that Rack Room intentionally used intercepted communications in violation of 18 U.S.C. § 2511(1). *Smith II*, 2025 WL 2210002, at *7 (internal quotations omitted).

## ARGUMENT

### I. DEFENDANT FAILS TO ESTABLISH UNDUE DELAY

Defendant argues that "[s]trategic delay, without a showing of diligence or newly discovered evidence, is not a basis for leave to amend." MLA Opp. at 7:18–22. That argument ignores this case's chronology.

On April 4, 2025, this Court granted in part and denied in part Defendant's motion to dismiss the First Amended Complaint. *See* ECF No. 52. As part of that decision, this Court noted that "[i]f Plaintiffs wish to file an amended complaint correcting the deficiencies identified above, counsel shall do so by April 25, 2025." *Id.* at 15. Importantly, the Court further ordered that "[t]he amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15." *Id.* In accordance with those instructions, Plaintiffs filed a Second Amended Complaint on April 25, 2025. *See* ECF No. 53. Defendant filed its motion to dismiss the SAC on May 20, 2025, and the Court held the Initial Case Management Conference on May 28, 2025. *See* ECF No. 61. At the CMC, the parties disagreed about "what to do [with] third parties … beyond Meta and Attentive," and the Court found that "if Rack Room is to get fair notice what the allegations are as to what trackers they've used, that has to be in the complaint, and if it's appropriate to amend the complaint to specifically allege that information, I'll set [a] schedule that allows you to do that." *See id.* at 5:2–8. Three months later and two weeks after the Court's decision on Defendant's second motion to dismiss, Plaintiffs moved to file their Third Amended Complaint. *See* ECF No. 89. Put together, this is not a situation in which Plaintiffs

"waited until after discovery was over, just four and a half months before the trial date, before moving to amend [their] complaint." *Texaco, Inc. v. Ponsoldt*, 939 F. 2d 794, 799 (9th Cir. 1991). Instead, Plaintiffs promptly and diligently sought to amend their pleadings after the Court noted the deficiencies in May 2025.

Defendant also asserts that "[t]he Court's Scheduling Order required amendments by July 28, 2025." *See* MLA Opp. at 7:18. But that argument ignores the extension that Plaintiffs sought and received to kick the deadline to move for leave until two weeks after this Court's decision on Defendant's motion to dismiss the SAC. *See* ECF No. 87. Indeed, by July 28, 2025, the Court had already held a hearing on the motion to dismiss; a motion for leave to amend at that juncture would have only served to waste judicial resources.

Defendant's caselaw says no differently. Defendant quotes an excerpt from *In re W. Coast Lamps*, 755 F. 3d 1142, 1147 (9th Cir. 2014) to support the proposition that "[t]he Ninth Circuit has repeatedly held that waiting months to add facts a plaintiff 'should have known' earlier constitutes undue delay." MLA Opp. at 7:12–14. Despite extensive search, Plaintiffs are unable to find this case. The pin cite goes to *Cole v. Trammell*, 755 F. 3d 1142 (10th Cir. 2014), which is neither a case from the Ninth Circuit nor a case discussing leave to amend. Plaintiffs also conducted a Boolean search for "should have known" AND "Coast Lamps" without any results. Plaintiffs conducted other Boolean searches to no avail, and they have also searched the case name in Google without success.

Defendant then cites to *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F. 3d 946, 949 (9th Cir. 2006), but there, the plaintiff "filed a cross-motion for leave to amend" that "drastically changed its litigation theory" because the defendant "filed a motion for judgment on the pleadings and for entry of judgment." *Id.* But here, there is no "drastically changed litigation theory"; even Defendant recognizes that Plaintiffs moved to file a Third Amended Complaint "not to add additional causes of action." *See* MLA Opp. at 2:3. In any event, *AmerisourceBergen Corp.*, is a case that involved "nearly fifteen months" of delay between discovering the new facts and seeking amendment. *See Amerisource Bergen Corp.*, 465 F. 3d at 951. That is a far cry from the facts here.

Defendant also cites to *TI, Ltd. v. Chavez*, 2021 WL 5862106, at *2 (S.D. Cal. May 10, 2021), but there, fact discovery was closed, which is why the court denied the claimant's attempt "to name new parties to reopen discovery." *Id.* By contrast, here, "a discovery deadline has yet to be set in this case," and Plaintiffs filed their motion to amend their pleadings in compliance with this Court's deadline. *See, e.g.*, *Bowen v. Target Corp.*, 2019 WL 9240985, at *4 (C.D. Cal. Nov. 12, 2019) ("[T]he Court finds no undue delay in Plaintiff seeking leave to amend at this time.").

Defendant ends by citing *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604 (9th Cir. 1992), but that case fatally undercuts Defendant's position. There, the Ninth Circuit noted that, "[u]nder Rule 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading." *Id.* Here, Defendant has yet to file any responsive pleading in this action. Accordingly, Plaintiffs' motion to amend is timely.

## II. DEFENDANT FAILS TO ESTABLISH BAD FAITH

Defendant argues that Plaintiffs move to amend "to prolong the litigation by adding new but baseless legal theories," and to "exert strategic leverage in mediation or otherwise." *See* MLA Opp. at 7:24–25. Neither of those arguments are true. Plaintiffs' claims remain the same, and their allegations align precisely with what they indicated they would file months ago. There is thus "no evidence in the record which would indicate a wrongful motive." *See DCD Programs, Ltd. v. Leighton*, 833 F. 2d 183, 187 (9th Cir. 1987).

To suggest otherwise, Defendant asserts that "Plaintiffs' allegations concerning Defendant's use of Zeta, are not grounded in investigation, fact or any information provided in discovery." *See* MLA Opp. at 8. That is false. As evinced alone by the 171 footnotes, Plaintiffs' counsel has expended substantial time and effort investigation the allegations here. Moreover, Rule 8(a)(2) only requires that a pleading "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The Third Amended Complaint offers exactly that.

None of Defendant's caselaw says any differently. Defendant cites to *Griggs v. Pace American Group, Inc.*, 170 F. 3d 877 (9th Cir. 1999), but there, the Ninth Circuit found that the amended pleadings "would not have been grounded in legal theories that were baseless." *Id.* That

decision thus fails to support Defendant's argument here. Defendant then cites to *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F. 3d 980, 986 (9th Cir. 1999), but there, the plaintiff "sought to amend its complaint" in response to "a summary judgment motion." *Id.* That decision has no application here; discovery started only four months ago, and a deadline for summary judgment has yet to be set. Defendant ends by citing to *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F. 3d 946, 954 (9th Cir. 2006), but there, the plaintiff's motion followed "[a] motion for final judgment under Rule 54(b) as well as the addition of seven new parties to [related] litigation." *Id.* Here too, that decision also has no application; there are no new parties here, and there is no pending motion for final judgment.

Without caselaw in support, Defendant is left only with self-serving assertions and averments that constitute misrepresentations at best. An example proves the point. Plaintiffs allege that "Defendant integrates Zeta's propriety code—including but not limited to the 'Zeta Tag Bundle' or 'Zeta Container Tag'—into its website." *See* PTAC ¶ 132. Defendant responds that "figures 34 to 36 in the PTAC are allegedly related to Zeta, but they are the same figures that previously were allegedly related LiveIntent." *See* MLA Opp. at 8:4–5. Moreover, counsel for Defendant avers that she checked "both Adobe Tag Manager and Google Tag Manager," and that Defendant never used "Zeta Global tracking codes." *See* Tagvoryan Decl. ¶ 5. *First*, Plaintiffs allege that Zeta acquired LiveIntent in 2024. *See* PTAC ¶ 128. *Second*, of the limited documents that Defendant has produced, one of them makes clear that counsel for Defendant would have found code concerning "LiveIntent" during her search. *See* RRS_001383. *Third*, despite integrating and using code labeled "LiveIntent," counsel for Defendant took the position as recently as August 7, 2025, that "Rack Room does not appear to have an account with LiveIntent." *Fourth*, after the acquisition, Zeta "integrate[d] LiveIntent's extensive identity graph—over 235 million unique hashed email addresses per month—into Zeta's Data Cloud." *See* PTAC ¶ 128. *Fifth*, as recently as August 2025, network traffic from Defendant's website shows transmissions to and from the following domains: "rezync.com, live.rezync.com, liadm.com, rfihub.com, and lightboxcdn.com." *See id.* ¶ 132. *Sixth*, Zeta recognizes that traffic to those domains—some of which are associated with Zeta, some of which are associated with subsidiaries that Zeta has

recently acquired—aligns with how Zeta's tools function.[1] These investigative steps not only demonstrate that Plaintiffs filed the PTAC in good faith, but they also establish that Defendant's assertions and affidavit are suspect at best.

## III. DEFENDANT FAILS TO ESTABLISH UNDUE PREJUDICE

Defendant argues that the proposed pleading would result in prejudice because the new allegations would "effectively restart litigation" and result in "protracted discovery." MLA Opp. at 11:9–13. *First*, Defendant overstates the proposed amendment. In *Smith II*, the Court held that "[t]he SAC plausibly alleges that Rack Room 'intentionally used' 'intercepted' communications in violation of 18 U.S.C. § 2511(1)." MTD Order at 7. As it relates to "Salesforce, Cordial, and Zeta Global," Plaintiffs propose an amended pleading that simply adds greater specificity to the existing allegations by detailing how "Defendant intentionally used the[] intercepted communications." *See* PTAC ¶ 236; *see also id.* ¶¶ 184, 186–87. For Google, Adobe, Taboola, and Criteo, Plaintiffs' allegations track this Court's analysis in *Smith I* and *Smith II*, so "[t]he basic fact pattern will remain the same." *Allen v. Bayshore Mall*, 2013 WL 6441504, at *4 (N.D. Cal. Dec. 9, 2013); *New England Life Ins. v. Lee*, 2016 WL 9115952, at *1 (D. Nev. Apr. 26, 2016) ("Discovery remains open in this case, and the mere fact that Defendants will be forced to refute a claim does not warrant a finding of undue prejudice."); *see also* PTAC ¶¶ 149–60.

*Second*, Defendant warns about "needlessly expand[ing] the scope of discovery," *see* MLA Opp. at 8, but "[c]ourts have generally held that the need for additional discovery is insufficient by itself to deny a proposed amended pleading." *Tele Atlas N.V. NAVTEQ Corp.*, 2007 WL 97115548, at *2 (N.D. Cal. Mar. 29, 2017) (collecting cases); *see also Grenentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, (N.D. Cal. 1989) (rejecting argument that "amendments would unduly prejudice the defendant" where "the amendments in issue would require [the defendant] to depose numerous witnesses … and would necessitate additional documents searched and written discovery"); *Herrera v. County of San Benito*, 2025 WL 2323350, at *5 (N.D. Cal. Aug. 11, 2025)

[1] https://knowledgebase.zetaglobal.com/gswz/zeta-tags-and-cookie-domains

("[A]lthough the fourth amended complaint may require additional discovery, the Court does not find that any resulting prejudice would be undue.").

Defendant's caselaw is distinguishable. In *Jackson v. Bank of Hawaii*, 902 F. 2d 1385, 1387 (9th Cir. 1990), the plaintiff moved to amend its complaint more than a year after "[the] firm discovery completion deadline." *Id.* In *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F. 3d 1393, 1395 (9th Cir. 1986), the plaintiff sought to amend the pleadings "after discovery was complete" to "avoid the possibility of an adverse summary judgment ruling." *Id.* In *Solomon v. North American Life and Cas. Ins.*, 151 F. 3d 1132, (9th Cir. 1998), the plaintiff sought to amend his pleadings "[t]wo weeks before the discovery deadline." *Id.* And finally, in *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F. 3d 980, 986 (9th Cir. 1999), the plaintiff sought to amend its pleadings "several months after the stipulated deadline for amending or supplementing the complaint." *Id.* These cases are all inapposite.

## IV. DEFENDANT FAILS TO ESTABLISH FUTILITY

Defendant lists a litany of purported bases for dismissal and argues that "the new allegations would not survive a Rule 12 challenge." MTA Opp. at 12:8–9. For good reason, however, "courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 2012 F.R.D. 534, 539 (N.D. Cal. 2003). And here, all of Plaintiffs' claims have survived motions to dismiss. *See Smith v. Rack Room Shoes, Inc.*, 2025 WL 1085169, at *1 (N.D. Cal. Apr. 4, 2025); *Smith v. Rack Room Shoes, Inc.*, 2025 WL 2210002, at *1 (N.D. Cal. Aug. 4, 2025); *see also Cooks v. Contra Costa County*, 2020 WL 6064429, at *1 (N.D. Cal. Oct. 14, 2020) (In general, the futility of amendment is better tested in a motion for failure to state a claim or a summary judgment motion."); *United States v. Harper's Phramacy, Inc.*, 2025 WL 2019787, at *1 (C.D. Cal. May 27, 2025) ("[T]he Court deems these arguments to be more appropriate for a motion to dismiss rather than the futility prong of a [motion] for leave to file an amended complaint.").

## V. CONCLUSION

Plaintiffs' motion for leave to amend should be granted in full.

Dated: September 13, 2025

**MARCUS RASHBAUM PINEIRO & MEYERS LLP**

By: *__/s/ Christopher R. Reilly__*
Christopher R. Reilly

Michael A. Pineiro (*pro hac vice*)
Christopher R. Reilly (*pro hac vice*)

**LEVIN LAW, P.A.**
Brian Levin (*pro hac vice*)
Jacob Polin (Cal. Bar No. 311203)