UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS SMITH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RACK ROOM SHOES, INC.,<br><br>    Defendant. | Case No. 24-cv-06709-RFL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 89, 126 |

Plaintiffs' Motion for Leave to File a Third Amended Complaint (Dkt. No. 89 ("Motion")) is **GRANTED**. This order assumes the reader's familiarity with the facts of the case, the applicable legal standards, and the arguments made by the parties.

Because Plaintiffs were previously granted an extension of their deadline to amend the pleadings (Dkt. No. 85 at 11),[1] the Motion was timely filed and is governed by Federal Rule of Civil Procedure 15(a). Rule 15 states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Bearing in mind that "this policy is to be applied with extreme liberality," the following factors have been considered: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quotation omitted). Each of the factors weighs in favor of granting the Motion.

First, there is no evidence of bad faith. Rack Room argues that the proposed amendments are "inflammatory and baseless," and are an effort to prolong the litigation. (Dkt. No. 102 at 11–

---

[1] All citations to page numbers refer to ECF pagination.

14.) Having reviewed the proposed amendments, the Court does not find them to be inflammatory. Furthermore, the factual disputes that Rack Room raises regarding the veracity of Plaintiffs' allegations are not properly considered on a motion for leave to amend a complaint. *See Banc of Cal., Inc. v. Farmers & Merchs. Bank of Long Beach*, No. 16-cv-01601, 2017 WL 2972338, at *1 (C.D. Cal. Apr. 19, 2017) ("[R]esolving factual disputes and evaluating the merits of proposed claims is generally inappropriate when considering motions for leave to amend.").

Second, there has not been undue delay. Plaintiffs disclosed their intention to seek the proposed amendments at the case management conference on May 28, 2025. (Dkt. No. 61.) The case management schedule anticipated that possibility. (*Id*.) Plaintiffs then sought an extension of the deadline to amend, so that the parties could first receive a ruling on Rack Room's motion to dismiss the Second Amended Complaint. (Dkt. No. 83.) Plaintiffs filed their Motion only two weeks after the Court ruled on the motion to dismiss. Additionally, discovery remains ongoing. Therefore, there has been no undue delay.

Third, Rack Room has not made a sufficient showing of prejudice. Discovery is ongoing. Though the new allegations may involve additional tracking technologies, discovery was already permitted as to those technologies in order to assess Rack Room's intent in adopting the pixel technologies at issue. Moreover, the prospect of additional discovery, without more, does not constitute a sufficient showing of prejudice. *See Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 531–32 (N.D. Cal. 1989). Furthermore, Rack Room has not shown that the new allegations would cause reputational harm sufficient to give rise to substantial prejudice. Finally, as to Rack Room's futility arguments, the proposed additional allegations support claims that have already survived dismissal, and to the extent that Rack Room wishes to challenge the legal sufficiency of the claims as to the newly added technologies, those issues are better addressed on summary judgment or other dispositive motions.

Accordingly, Plaintiffs' Motion for Leave to File an Amended Complaint is **GRANTED**. Plaintiffs are **ORDERED** to file the proposed Third Amended Complaint (Dkt. No. 89-3) on the

docket by **October 29, 2025**.  Plaintiffs' administrative motion to extend pretrial deadlines (Dkt. No. 126) is also **GRANTED,** as modified:

- Motions for Class Certification/Disclosure of Expert Reports Supporting Class Certification due by **March 13, 2026**.
- Opposition/Disclosure of Expert Reports Opposing Class Certification due by **April 17, 2026**.
- Reply to Motion for Class Certification due by **May 8, 2026**.
- Motion for Class Certification Hearing set for **June 2, 2026, at 10:00 a.m.** in San Francisco, Courtroom 15, 18th Floor.

**IT IS SO ORDERED.**

Dated: October 22, 2025

RITA F. LIN
United States District Judge