UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS SMITH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RACK ROOM SHOES, INC.,<br><br>Defendant. | Case No. 24-cv-06709-RFL   (SK)<br><br>**ORDER RESERVING RULING ON MOTION TO SEAL**<br><br>Regarding Docket No. 139 |

On December 8, 2025, in connection with their discovery letter brief, Defendant filed a motion to seal documents designated as confidential by Plaintiffs. (Dkt. No. 139.) Pursuant to Northern District Civil Local Rule 97-5(f)(3), Plaintiffs were obligated to file a statement or declaration demonstrating why the materials should be filed under seal within seven days. Plaintiffs failed to do so.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 and n. 7 (1978). Thus. "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (internal quotation marks and citations omitted).

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citing *Nixon,* 435 U.S.

at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz,* 331 F.3d at 1136).

The Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation,* 686 F.3d 1115, 1119 (9th Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original). Where the exception applies, the party seeking to seal need only demonstrate that there is "good cause" under Federal Rule of Civil Procedure 26(c) to seal. *See Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, *inter alia,* the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). However, even under the "good cause" standard of Rule 26(c), a party must make a "particularized showing" with respect to any individual document in order to justify sealing the relevant document. *Kamakana,* 447 F.3d at 1180. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

Because Plaintiffs failed to file the required statement or declaration, they necessarily failed to demonstrate that sealing their responses to Interrogatory Number 16 is warranted. In order to provide Plaintiff with one further opportunity to make the required showing, the Court HEREBY RESERVES RULING on Defendant's motion to seal. By no later than January 13, 2026, Plaintiffs shall file their required statement or declaration identifying the specific portion of their responses to Interrogatory Number 16 that they claim is confidential and demonstrate why

/ / /

/ / /

2

1  this portion should be filed under seal.   If Plaintiffs fail to file their statement or declaration by

2  January 13, 2026, the Court will deny the motion to seal in full.

3  **IT IS SO ORDERED**.

4  Dated: January 6, 2026



SALLIE KIM
United States Magistrate Judge

3