UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS SMITH, et al., | Case No. 24-cv-06709-RFL (SK) |
| Plaintiffs, | |
| v. | **ORDER REGARDING PLAINTIFFS' MOTION FOR SANCTIONS** |
| RACK ROOM SHOES, INC., | |
| Defendant. | Regarding Docket No. 191 |

Plaintiffs bring this motion for sanctions pursuant to Fed.R.Civ.P. 37 for the alleged failure to comply with the undersigned's orders and for discovery abuses, against Defendant Rack Room Shoes, Inc. For the following reasons and for the reasons stated on the record at the hearing for this motion, the motion is DENIED.

Plaintiffs move for sanctions based on five reasons:

(1) "Defendant intentionally declined to produce ESI post-dating September 2024 despite recognizing Magistrate Judge Kim's order that the relevant time period should extend through the present;"

(2) "Defendant intentionally stripped away the metadata and searchability for its ESI production;"

(3) "Defendant intentionally withheld highly relevant attachments within email chains;"

(4) "Defendant then exacerbated the lack of metadata and searchability by littering its production with irrelevant documents;" and

(5) "Defendant failed to produce foundational, non-custodial documents." (Dkt. No. 191.) At the hearing on this motion, Plaintiffs also alleged that Defendant violated the Court's order that substantial completion of documents should be completed by a date certain because Defendant produced 63 pages of documents after that date for substantial completion.

United States District Court
Northern District of California

United States District Court
Northern District of California

### A.  Alleged Violations of Orders

Plaintiffs allege that Defendant violated the undersigned's Order of September 29, 2025 (Dkt. No. 115) that the time period for production of documents should extend to the date of the Order.  Plaintiffs state in the opening memorandum for this motion:  "Defendant chose to ignore Magistrate Judge Kim's order by serving an ESI production without any documents postdating September 2024."  (Dkt. No. 191.)  The affidavit of Christopher R. Reilly, submitted with the memorandum, included a similar allegation:  "The ESI production omits documents that postdate September 2024."  (Dkt. No. 191-1.)  Plaintiffs seek relief under Rule 37, which provides for sanctions upon violation of a court's order.  Fed.R.Civ.P. 37(b)(2).

Plaintiffs' statement is incorrect, as there is no dispute now that Defendant produced documents that post-dated September 2024.  (Dkt. Nos. 198, 198-2.)  In their reply and at the hearing for this motion, Plaintiffs conceded that Defendant did produce those documents.  (Dkt. No. 204.)  In fact, Plaintiffs admit that Plaintiff's counsel, "prior to making his averments" about the failure to produce those documents "neither considered nor examined" the documents that Defendant produced in compliance with the undersigned's September 29, 2025 Order.  (Dkt. No. 204.)  Rather than admitting a mistake and apologizing for falsely accusing Defendant of violating the September 29, 2025 Order, Plaintiffs' counsel includes a litany of excuses.  (Dkt. No. 204-1.)  None of those excuses are sufficient to explain Plaintiffs' egregious conduct in falsely accusing Defendant of a serious violation of the September 29, 2025 Order.

Compounding this mistake is Plaintiffs' failure to raise with Defendant this issue of its alleged failure to produce documents and alleged violation of the September 29, 2025 Order.  At the hearing on this motion, Plaintiffs' counsel first stated that he sent an email with the issues raised in this motion for sanctions to Defendant's counsel two days before filing the motion for sanctions.  Defendant's counsel, at the hearing on this motion, stated that the email was sent at 10:00 p.m. on the night before the motion was filed, and Plaintiff's counsel then admitted that Defendant's counsel was correct.  Had Plaintiffs' counsel raised this issue with Defendant's counsel long before filing this motion for sanctions, Defendant's counsel would have been able to respond and point out that Defendant had produced the documents in compliance with the

2

September 29, 2025 Order.  Instead, Plaintiffs rushed to file this motion for sanctions – falsely accusing Defendant of serious wrongdoing and forcing Defendant to spend time and effort to refute the falsehood.

And Plaintiffs made another inaccurate statement: the accusation at the hearing on this motion for sanctions that Defendant violated another Order of the Court by failing to complete production of documents by the deadline set by the Court.  Defendant pointed out – and the undersigned agrees – that the Order required "substantial" completion only by that date.  That Defendant produced some documents after that deadline is not a violation of that Order.

Defendant understandably cross-moved for sanctions against Plaintiff for the false accusation that Defendant violated the September 29, 2025 Order.  Although the undersigned stated at the hearing that no sanctions would be issued to either side, upon reflection, the undersigned orders additional briefing.  One of the concerning statements that Defendant made at the hearing is that they were forced to oppose this motion, comprised of a seven-page brief and one-page declaration, during a critical time when Defendant is opposing a motion for class certification.

Thus, Plaintiffs are ORDERED TO SHOW CAUSE why Plaintiffs should not be sanctioned, in the amount of attorneys' fees incurred by Defendant, for falsely accusing Defendant of violating an order of the Court.  Plaintiffs' response is due July 24, 2026.  No response from Defendant is necessary at this time.

**B.  Other Issues**

Plaintiffs also complain about the four other discovery issues noted above.  None of these issues involve violation of an Order of the Court, as addressed in subsection (b).  Plaintiffs refer only to Rule 37 for the authority for sanctions but never identify a specific subsection of that rule, and none of the subsections apply.  Plaintiffs do not seek a motion to compel in subsection (a), do not allege a failure to disclose, supplement, or admit in subsection (c), do not allege a failure to attend a deposition or respond to interrogatories or request for documents in subsection (d), and do not allege a failure to preserve electronically stored information in subsection (e).  Therefore, there is no part of Rule 37 that encompasses Plaintiffs' general complaints other than the alleged

United States District Court
Northern District of California

violation of the Order.

The reason that Rule 37 does not address Plaintiffs' concerns about Defendant's production of discovery is that the Federal Rules of Civil Procedure, the Civil Local Rules, and the undersigned's Standing Order provide a process in which parties attempt to resolve their disputes about discovery, seek intervention from the Court if they cannot do so, and only move for sanctions if there is a violation of an order from a court. Only after completing the process and receive a ruling that is violated can a party then seek sanctions under Rule 37. The policy for that process and set of rules is clearly designed to avoid a situation in which a party with a dispute then rushes to file a motion for sanctions, which is the situation here. It is undisputed that Plaintiffs never met and conferred with Defendant about these discovery issues and that Plaintiffs never sought assistance from the undersigned to resolve the deficiencies before filing this motion for sanctions. The process of meeting and conferring and then seeking assistance from the Court is the most practical and least hostile method of proceeding when there is a dispute about discovery, because the parties can work to resolve differences on their own before seeking the Court's intervention. Meeting and conferring can also allow the parties to clear up any misunderstanding, which did not occur here. Plaintiffs' action in immediately filing a motion for sanctions is antithetical to the process designed to avoid proceeding immediately to the highest level of hostility.

For these reasons, the undersigned DENIES the motion by Plaintiffs for sanctions.

**IT IS SO ORDERED**.

Dated: July 9, 2026

_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

4