MANATT, PHELPS & PHILLIPS, LLP
Ana Tagvoryan (Bar No. 246536)
atagvoryan@manatt.com
Brad W. Seiling (Bar No. 143515)
bseiling@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

MANATT, PHELPS & PHILLIPS, LLP
Kyla Núñez (Bar No. CA 329484)
KNunez@manatt.com
1215 K Street, Suite 1900
Sacramento, CA 95814
Telephone: (916) 552-2300
Facsimile: (916) 552-2323

MANATT, PHELPS & PHILLIPS, LLP
Brandon Wong (Bar No. CA 327372)
BWong@manatt.com
695 Town Center Dr., 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for Defendant
RACK ROOM SHOES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMETRIUS SMITH and MAIA WILLIAMS, on behalf of themselves and all other persons similarly situated,

Plaintiff,

v.

RACK ROOM SHOES, INC.,

Defendant.

Case No. 3:24-cv-06709-RFL

[*Assigned to Judge Rita F. Lin*]

**RACK ROOM SHOES, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Rack Room Shoes, Inc. (“Rack Room”), by and through its undersigned counsel, hereby provides the following Notice of Supplemental Authority in order to apprise this Court of the United States District Court for the Central District of California’s recent decision in *Lewis, et al., v. Magnite, Inc.* (Case No. 2:25-cv-03448-MWC-SSC), attached hereto as **Exhibit 1**. *Lewis* is directly relevant to the arguments that Rack Room raised in its Opposition to the Motion for Class Certification. This decision was issued after Rack Room filed its Opposition.

In *Lewis*, the court denied the plaintiffs’ motion for class certification partly because individualized issues overwhelmed common ones under Rule 23(b)(3)'s predominance requirement on multiple independent grounds. First, consent presented individualized questions because putative class members visited many different websites with varying privacy policies and cookie disclosures, requiring a member-by-member inquiry into what each person saw, agreed to, and understood—an analysis the court analogized to *In re Google RTB Consumer Privacy Litigation* and *Calhoun v. Google LLC*. *See* Ex. 1 at 17. Second, standing raised individualized issues because under *Popa*, a bare CIPA violation does not confer Article III standing absent concrete injury, and plaintiffs offered no classwide method to show the defendant transmitted personally identifying information—particularly where the expert stated that the collected data “does not include information that directly identifies an individual” and “is different from identifying the person using that browser”. *Id* at 19 (*citing Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025)). In addition, under *Popa*, plaintiffs must “explain how the invasion of their privacy caused them to experience a harm ‘similar to the highly offensive interferences or disclosures that were actionable at common law.’” *Id*. Third, plaintiffs failed to demonstrate any workable methodology for measuring statutory damages on a classwide basis. *Id* at 20-21. Because common questions did not predominate, the court concluded that a class action was not a superior method of adjudication and denied certification.

Respectfully submitted,

Dated: July 28, 2026

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Ana Tagvoryan*
Ana Tagvoryan
Attorneys for Defendant
RACK ROOM SHOES, INC.