MANATT, PHELPS & PHILLIPS, LLP
Ana Tagvoryan (Bar No. 246536)
atagvoryan@manatt.com
Brad W. Seiling (Bar No. 143515)
bseiling@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

MANATT, PHELPS & PHILLIPS, LLP
Kyla Núñez (Bar No. CA 329484)
KNunez@manatt.com
1215 K Street, Suite 1900
Sacramento, CA 95814
Telephone: (916) 552-2300
Facsimile: (916) 552-2323

MANATT, PHELPS & PHILLIPS, LLP
Brandon Wong (Bar No. CA 327372)
BWong@manatt.com
695 Town Center Dr., 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for Defendant
RACK ROOM SHOES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS SMITH and MAIA WILLIAMS, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RACK ROOM SHOES, INC.,<br><br>Defendant. | Case No. 3:24-cv-06709-RFL<br><br>[*Assigned to Judge Rita F. Lin*]<br><br>**RACK ROOM SHOES, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

# NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Rack Room Shoes, Inc. ("Defendant") respectfully files this Notice of Supplemental Authority to bring to the Court's attention a recent decision that is directly relevant to Defendant's opposition to Plaintiffs' motion for class certification.

On July 31, 2026, the United States District Court for the Southern District of Florida issued an Order in *Cobbs v. PetMed Express, Inc.*, Case No. 25-80458-CIV-CANNON/McCabe (S.D. Fla. July 31, 2026), denying class certification, dismissing the Amended Complaint for lack of Article III standing, and closing the case. A true and correct copy of the Order is attached hereto as **Exhibit 1**. This decision was issued after Defendant filed its Opposition to the Motion for Class Certification.

**The *Cobbs* Decision**

*Cobbs* involved a putative class action against an online retailer for deploying third-party tracking technologies—including an Attentive tag and a Meta Pixel—on its website, allegedly allowing third parties to track plaintiffs' activities, including "what [they] viewed, selected, added to cart, and purchased." Ex. 1 at 1–2. The court held that, while the plaintiffs had plausibly alleged standing at the pleading stage, class discovery revealed that neither named plaintiff possessed the requisite "subjective privacy interest" necessary to sustain Article III standing. *Id.* at 8–14. The court applied the Supreme Court's framework from *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), and concluded that the common law tort of intrusion upon seclusion—the closest historical analogue to the asserted statutory violations—requires that a plaintiff demonstrate a subjective expectation that the information at issue would remain private, and that the expectation be one society would recognize as reasonable. *Id.* at 8–9.

The court concluded that "even construing all of the evidence in named Plaintiffs' favor, no one . . . intruded into either named-Plaintiffs' ''seclusion.' Both women apparently care little about their internet privacy." *Id.* at 12. Because the named plaintiffs demonstrated no subjective privacy interest in the information at issue, the court held they lacked Article III standing and denied class certification.

As fully set forth in Defendant's opposition to class certification [ECF 219] and the deposition transcripts of record, neither Mr. Smith nor Ms. Williams possesses the "subjective privacy interest" that *Cobbs* holds is an essential element of standing, and neither would such expectation be reasonable. Like Plaintiff Cobbs in *Cobbs*, Mr. Smith flatly testified that "nothing's private" on the Internet, that having an



MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

expectation of privacy on a retail website "wouldn't be reasonable," and that he *expected* his data to be shared when he went on the Rack Room Shoes website. (*See* ECF No. 219 at 6:13-18; *see also* Smith Tr. 55:25–56:7; 62:22–25; 122:17–19.) He confirmed none of the information he provided to Rack Room Shoes was "confidential." (Smith Tr. 112:2–5.) And like Plaintiff Kawaminami in *Cobbs*, neither Mr. Smith nor Ms. Williams ever read Defendant's Privacy Policy—with Mr. Smith testifying he does not read "no privacy policy because it ain't nothing private" and Ms. Williams confirming "I don't believe so, no." (Smith Tr. 55:23-56:7; 56:6–7; Williams Tr. 44:9–12.) Both Plaintiffs continued shopping on retail websites after filing this lawsuit without implementing any additional privacy controls (Smith Tr. 126:7–21; Williams Tr. 120:22–25, 121:19-123:9).

Moreover, Ms. Williams' sole Facebook activity report shows no record of Meta receiving information from rackroomshoes.com during her March 2024 purchase—only a single "Page_View" event from June 2025, showing her visit to the website *after* she filed the lawsuit. (Williams Tr. 92:1–11; 93:3–9.) And Mr. Smith admitted he has no Facebook record at all corresponding to his July 2024 Rack Room Shoes purchase. (Smith Tr. 141:12–142:24.) These undisputed facts mirror the *Cobbs* court's finding that Plaintiffs' motion "does not contain any evidence that Plaintiffs' 'confidential data' was disclosed" to the third parties at issue. Ex. 1 at 6.

A bare statutory violation divorced from any demonstrated subjective privacy interest does not confer Article III standing. Because the class-discovery record here reveals that neither Mr. Smith nor Ms. Williams has any genuine privacy interest in the information at issue—and because neither can point to evidence that their data was actually disclosed to third parties—this Court should reach the same conclusion as the *Cobbs* court and deny class certification for lack of standing.

Respectfully submitted,

Dated: August 3, 2026

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Ana Tagvoryan*
Ana Tagvoryan
Attorneys for Defendant
RACK ROOM SHOES, INC.