MANATT, PHELPS & PHILLIPS, LLP
Ana Tagvoryan (Bar No. 246536)
atagvoryan@manatt.com
Brad W. Seiling (Bar No. 143515)
bseiling@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

MANATT, PHELPS & PHILLIPS, LLP
Kyla Núñez (Bar No. CA 329484)
KNunez@manatt.com
1215 K Street, Suite 1900
Sacramento, CA 95814
Telephone: (916) 552-2300
Facsimile: (916) 552-2323

MANATT, PHELPS & PHILLIPS, LLP
Brandon Wong (Bar No. CA 327372)
BWong@manatt.com
695 Town Center Dr., 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for Defendant
RACK ROOM SHOES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMETRIUS SMITH and MAIA WILLIAMS, on behalf of themselves and all other persons similarly situated,

Plaintiffs,

v.

RACK ROOM SHOES, INC.,

Defendant.

Case No. 3:24-cv-06709-RFL

**DEFENDANT RACK ROOM SHOES, INC.'S RULE 7-3 OBJECTIONS TO PLAINTIFFS' REPLY EVIDENCE IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Date: September 8, 2026
Time: 10:00 a.m.
Dept: Courtroom 4, 17th Floor
Judge: Hon. Rita F. Lin

Trial Date: N/A

Action Filed: September 24, 2024

Pursuant to Civil Local Rule 7-3(d)(1), Defendant Rack Room Shoes, Inc. ("Rack Room"), submits the following objections to the reply evidence (ECF Nos. 237-1 to 237-11, 15) submitted by Plaintiffs Demetrius Smith and Maia Williams ("Plaintiffs") with their Reply in support of Plaintiffs' Motion for Class Certification (the "Reply").

Civil Local Rule 7-3(d)(1) "provide[s] a mechanism to seek relief" when a party is "unfairly disadvantaged" by new factual matters. *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171 (9th Cir. 2018) (explaining inherent unfairness of including new factual matter in a reply brief). This is that matter. Plaintiffs may cast some of the new evidence and argument as "rebuttal" or solely replying to the arguments raised in Opposition, but they would be wrong. In the Ninth Circuit, courts consistently treat new evidence and arguments raised for the first time in a reply brief as waived, and district courts have broad discretion to strike such material. Defendant has no opportunity to respond to material introduced at the reply stage. At the very least, the Good Report (ECF No. 237-15), Exhibits MM through WW, and the new Article III injury theories are clearly submitted to support Plaintiffs' motion in chief, including Plaintiffs' burden on class certification, and should be stricken.

## I. OBJECTIONS TO REBUTTAL REPORT OF NATHANIEL S. GOOD

Courts routinely strike, or decline to consider, new arguments or evidence presented for the first time in a reply brief. *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir.1993) ("To the extent that the [reply] brief presents new information, it is improper. Therefore, [certain] portions of the brief are ordered stricken [.]"). This is true at the class certification stage where the plaintiff has the "initial burden" to demonstrate compliance with Rule 23. *In re Flash Memory Antitrust Litig*., No. C 07-0086 SBA, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010). "[S]uch evidence should have been proffered with Plaintiffs' moving papers in order to afford Defendants a full and fair opportunity to respond." *Id.*; *see also Ward v. Sutter Valley Hosps.*, No. 2:19-CV00581-KJM-AC, 2022 WL 2805965, at *5 (E.D. Cal. July 18, 2022) (striking reply declaration because it "introduces new evidence in providing for the first time Berger's analysis of '[p]laintiffs' time and pay records'"); *In re Taco Bell Wage & Hour Actions*, No. 1:07-CV-01314-OWW, 2011 WL 4479730, at *7 (E.D. Cal. Sept. 26, 2011) ("New evidence or analysis presented for the first time in a reply will not be considered … Dr. Lackritz's report is not admissible for purposes of Plaintiffs' motion for class certification.").

The clearest item of improper new evidence is the expert report, titled Rebuttal Report of Nathaniel S. Good, Ph.D. (the "Good Report"), dated and filed August 10, 2026 — the same day the Reply brief was due. (ECF No. 237-15.) Dr. Good "was [purportedly] retained by Marcus Rashbaum Pineiro & Meyers LLP to evaluate and respond to the July 13, 2026 Expert Report of James Vint" (the "Vint Report"). (ECF No. 237-15, at 3.) The Good Report is improper for several reasons.

First, to the extent the Good Report is offered as a purported "rebuttal," the Court did not allow rebuttal expert testimony on reply. (ECF No. 127.) Instead, the Court permitted each side to submit one expert report. *Id*. The limitation was purposeful: it prevents precisely the situation presented here, where a party attempts to introduce new evidence on reply without affording the opposing party an opportunity to respond. *In re Flash*, 2010 WL 2332081, at *15 (declining to consider expert's supplemental reply declaration, noting Plaintiffs bear the burden at class certification and the evidence "should have been proffered with Plaintiffs' moving papers in order to afford Defendants a full and fair opportunity to respond"); *Rojas v. Bosch Solar Energy Corp.*, No. 18-CV-05841-BLF, 2021 WL 12331659, at *1-2 (N.D. Cal. Nov. 23, 2021) (declining to consider class certification reply evidence, which included new expert opinion and factual matter, because it "would be unfair and prejudicial to Defendant," and "granting Defendant leave to file a sur-reply [was] not a feasible" alternative in light of class certification hearing date and age of case). Because the Good Report was not included with Plaintiffs' Motion, which relied exclusively on the Verkhovskaya Report addressing ascertainability, it contains new expert opinions improperly raised for the first time on reply. It should therefore be stricken.

Second, the Good Report is not merely a "rebuttal" to Mr. Vint's report. Rather, among other things, the Reply affirmatively relies on it to carry a merits/predominance point, citing "Good Report ¶ 59" for the general proposition that "all users when first opening a website are given the same potential capabilities from the onset … including the capturing and transferring of data to third parties," which Plaintiffs use to argue that an "attempt" under CIPA § 631 "on a class-wide basis" can be established. (*See* ECF No. 237, at 15.)[1] Putting aside that the Good Report does not help Plaintiffs meet their evidentiary

[1] This newfound "attempt" theory appears nowhere in the operative Complaint and does not match the liability theory for the claims on which Plaintiffs seek class certification. (ECF No. 128.) Courts in the Ninth Circuit have been direct in rejecting new theories of liability in motions for class certification. *Coughlin v. Sears Holdings Corp*. No. SACV08-00015CJC RNBX, 2010 WL 4403089, at *2 (C.D. Cal. Oct. 26, 2010). A theory of the case not raised in a plaintiff's amended complaint cannot form the basis

burden to establish the facts needed under each prong of Rule 23 as to each of the third party "trackers" at issue for purchasers during the relevant class periods, Mr. Good's general statements purport to support the fact that "attempts" were made on the website at issue here—not so. Dr. Good also attempts to introduce evidence of the functionality of Rack Room's website as it existed only days ago. (*See* ECF No. 237-15, ¶ 66.) Even setting aside the irrelevance of the evidence, its inclusion only confirms that Plaintiffs are improperly advancing new arguments and evidence on reply. (*See id.*, ¶¶ 59, 66.) Dr. Good likewise purports to reach conclusions regarding the configuration and deployment of unidentified third-party trackers during unspecified time periods based on several documents in discovery that Plaintiffs neither introduced into the record nor discussed in their briefing. *Id.*, ¶ 16, Attachment 2.)

Fundamentally, the Good Report is a theoretical and hypothetical academic exercise about internet transmissions that, though not probative of the commonality issues for which it is presented,[2] is not merely a "rebuttal" to the Vint Report. Plaintiffs' deadline to move to certify the classes has been continued at least three times prior (*see* ECF Nos. 127, 172, 184), and their counsel has a similar case which went to class certification prior to this one and in which their "experts" were used. *Cobbs v. PetMed Express, Inc.*, 824 F. Supp. 3d 1257 (S.D. Fla. 2026). Plaintiffs could have filed the Good Report with the Motion.

## II. OBJECTIONS TO EXHIBITS MM-WW

The new exhibits submitted with Plaintiff's Reply are similarly improper (Exhibits MM to WW). (ECF Nos. 237-1–237-14.) Again, courts, including in this district, routinely disregard new evidence when included in a reply, where the non-moving party will not have the opportunity to substantively respond. *Crandall v. Starbucks Crop.*, 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017) ("The Court sustains [d]efendant's objection to this evidence [submitted in reply] and will not consider it.").

---

for class certification. *Gustafson v. Goodman Mfg. Co. LP*, No. CV 13-08274-PCT-JAT, 2016 WL 1029333, at *4 (D. Ariz. Mar. 14, 2016).

[2] The Good Report does not draw any conclusions as to any factual issue or an element of Rule 23. Instead, it merely attempts to argue that in some cases, there may not be individual issues. Even setting aside that no conclusions are drawn as to *this* case, the Good Report actually concedes the very facts that establish the predominance of individualized issues under Rule 23(b)(3) and defeat commonality and typicality under Rule 23(a). Though failing to identify the third-party cookies he is discussing, Dr. Good admits that whether transmitted data can be tied to any particular class member is not uniform but instead varies user-by-user. (*See* ECF No. 237-15, ¶¶ 25, 45, 50, 61.) Most tellingly, Dr. Good concedes that determining whether any individual user's data was actually shared cannot be resolved on common proof but requires case by case-specific verification. (*Id.* at ¶¶ 69, 70, 71.) These admissions confirm that liability here cannot be established classwide based on the evidence in the record (which is scarce, to say the least).

The exhibits consist of documents produced in discovery that were available to Plaintiffs long before they filed the Motion. Yet Plaintiffs elected not to rely on these materials in their opening brief, but instead reserved them for reply, depriving Rack Room of a meaningful opportunity to respond. That is precisely the type of sandbagging that courts routinely reject in class certification proceedings and motion practice generally. *In re Flash*, 2010 WL 2332081, at *15; *Rojas*, 2021 WL 12331659, at *1-2. Plaintiffs may not cure deficiencies in their opening brief by unveiling new "evidence" for the first time on reply. Plaintiffs use these exhibits not merely to rebut arguments raised in opposition, but to construct new factual narratives regarding the operation of Meta, Attentive, Adobe, Google, and Zeta technologies on Rack Room's website.

Even putting aside the procedural defect, the exhibits do not cure the fundamental evidentiary shortcomings in Plaintiffs' certification showing. At most, they establish that certain third-party vendors or technologies appear at various points in scattered internal emails, presentations, slide decks, and database diagrams, none of which have the foundation and witness testimony needed to explain their relevance or probative value. Plaintiffs offer little to no admissible testimony explaining the meaning of these documents, how they relate to the challenged technologies, whether the referenced configurations were implemented, when they were implemented, or whether they operated in the manner Plaintiffs now suggest. Indeed, much of the Reply relies on documents shown to David Pamperin, who repeatedly testified he could not explain, was unfamiliar with, or lacked responsibility for projects and technologies. (*See* ECF No. 240-5, Exhibit OO, at 65:3-66:19; 66:24-67:1; 69:4-20; 73:7-17; 75:7-10; 77:4-15; 78:9-21; 79:1-5.) Plaintiffs nevertheless ask the Court to accept their interpretations of those documents without competent foundation. The Court should disregard all new exhibits submitted with Plaintiffs' Reply.

## III. OBJECTIONS TO NEW THEORIES NOT IN RESPONSE TO OPPOSITION

The opening brief grounded Article III standing in the Wiretap Act's circumstantial-evidence framework and in an "attempt" theory. (ECF No. 199 at 11-14.) The Reply advances a different theory: that Rack Room made affirmative privacy promises that "were and remain false," and excised several of them in its December 4, 2024 policy update. (ECF 237 at 1.) It now argues a "highly offensive" intrusion supported by "deceit" as a "plus factor," and invokes Cal. Bus. & Prof. Code § 22576. (ECF No. 237 at 10.) This new affirmative theory of injury should be rejected. Moreover, a merits analysis on the meaning

and execution of a privacy policy does not dictate whether common law privacy intrusions exist. "Deceit" does not go to whether there was an intrusion that was highly offensive; rather, the correct inquiry is what Plaintiffs subjectively believed and what facts were disclosed or shared. *Cf. Shah v. MyFitnessPal, Inc.*, 824 F. Supp. 3d 906, 917 (N.D. Cal. 2026) (topics like nutrition and fitness tracking which the court noted at the motion to dismiss stage could plausibly be "embarrassing, invasive, or otherwise private information."). Here, Plaintiffs admitted that Meta already had their emails, names and phone numbers, and that buying and wearing shoes is *not* private or sensitive information. (*See* Smith Tr. 69:6–24, 76:21–84:21; 109:4-112:5; 123:7-15[3]; Williams Tr. 53:23–54:8; 64:10-65:7; 82:16-82:17.) And, there is no evidence in the record that Meta obtained their purchase information. ECF 200-4 (Exhibit D).

The Reply also introduces a new jurisdiction "intertwined with an element of the merits" argument — that the Court must "accept as valid the merits of [the] legal claim" and leave disputed facts to the trier of fact. (ECF No. 237 at 9.) However, this doctrine does not displace the threshold requirement that named representative plaintiffs must demonstrate Article III standing before or at class certification — a requirement that is distinct from, and not deferred by, the intertwining doctrine. *Torres v. Air to Ground Servs., Inc.*, 300 F.R.D. 386, 392-93 (C.D. Cal. 2014). The Ninth Circuit has confirmed that class representatives must have Article III standing, and that it is the named plaintiffs' burden to support each standing element. *Lewis v. Magnite, Inc.*, Case No. 2:25-cv-03448-MWC-SSC, 2026 WL 2254788 at *10-11 (N.D. Cal. July 20, 2026) (holding that individualized standing inquiries in web tracking case preclude class certification); *Ingrahm v. Capital One Financial Corp.*, Case No. 24-cv-05985-TLT, 2026 WL 1759155 at *7-8 (N.D. Cal. June 16, 2026) (same). In any event, this is a new legal framework rather than a direct rebuttal of *Popa v. Microsoft Corp.*, 153 F. 4th 784 (9th Cir. 2025), and should be stricken.

The Court should sustain the evidentiary objections and strike the Rebuttal Report of Nathaniel S. Good, Exhibits MM to WW, and the new legal arguments not made in response to the Opposition.

---

[3] "Q Would you agree that buying shoes is not private information?

A No.

Q "No," it's not private, or, "no," you don't agree?

A It's not private, because if I go in a store or online, it's not private. It's -- it's out there for the public to come and purchase, so of course it's not going to be private."

Dated: August 17, 2026

Respectfully Submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Ana Tagvoryan*
Ana Tagvoryan
Attorneys for Defendant
RACK ROOM SHOES, INC.