**MARCUS RASHBAUM PINEIRO & MEYERS LLP**
Michael A. Pineiro (*pro hac vice*)
Christopher R. Reilly (*pro hac vice*)
2 South Biscayne Blvd., Suite 2530
Miami, FL 33131
Telephone: (305) 400-4260
E-Mail: mpineiro@mrpfirm.com
creilly@mrpfirm.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEMETRIUS SMITH and MAIA WILLIAMS<br>Plaintiffs,<br>v.<br>RACK ROOM SHOES, INC.<br>Defendant. | Case No. 3:24-cv-06709-RFL<br>[*Assigned to Judge Rita F. Lin*]<br>JOINT CASE MANAGEMENT STATEMENT AND PROPOSED CASE SCHEDULE (ECF NO. 260)<br>Trial Date: None set<br>Action Filed: September 24, 2024 |

Pursuant to the Court's September 21, 2026 Order (ECF No. 260), Plaintiffs Demetrius Smith and Maia Williams and Defendant Rack Room Shoes, Inc. ("Rack Room") submit this Joint Case Management Statement and Proposed Case Schedule for the two remaining individual claims. The parties met and conferred by telephone on October 19, 2026.

## I. JOINT STATEMENT: CASE STATUS

On September 21, 2026, the Court dismissed without prejudice, for lack of Article III standing, the three claims on which Plaintiffs sought certification (the Federal Wiretap Act claim and the claims under California Penal Code §§ 631 and 632) and denied Plaintiffs' Motion for Class Certification. ECF No. 260 at 10–11. Two individual claims from the Third Amended Complaint remain: violation of the Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, and common-law invasion of privacy. *Id.* at 11. Rack Room has previously

answered the Third Amended Complaint. ECF No. 175.

No deadlines have been set for merits fact discovery, expert discovery, dispositive motions, the pretrial conference, or trial.

On October 5, 2026, Plaintiffs timely petitioned the Ninth Circuit for permission to appeal ECF No. 260 under Federal Rule of Civil Procedure 23(f). *Smith v. Rack Room Shoes, Inc.*, No. 26-6565 (9th Cir.); *see* ECF No. 267. The Ninth Circuit has extended Rack Room's deadline to answer the petition to October 29, 2026. Rack Room will Answer the Petition and ask the Appellate Court to deny the Petition on the grounds that it is not a proper Rule 23(f) petition and otherwise fails to meet the Ninth Circuit's established grounds for review.

## II. PLAINTIFFS' POSITION

Plaintiffs respectfully request that the Court stay this action until the Ninth Circuit rules on the petition. Rule 23(f) expressly preserves this Court's authority to do so. Fed. R. Civ. P. 23(f) (an appeal "does not stay proceedings in the district court unless the district judge or the court of appeals so orders"). The Court also has inherent power to stay proceedings to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court weighs "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

*First*, the petition will determine what this case is. If the Ninth Circuit grants review and reverses, the dismissed claims return and the case proceeds as a putative class action on five claims. If not, it proceeds as an individual action on two. The scope of discovery, expert work, dispositive motions, and trial all turn on that answer. Proceeding now risks duplicative discovery and motion practice, and potentially separate individual and class trials, concerning the same alleged tracking of the same website visits.

*Second*, the remaining claims rest on the same alleged tracking on rackroomshoes.com, and any challenge to them will turn on the same questions of interception and injury that the Court

decided in ECF No. 260 and that the petition asks the Ninth Circuit to review. *See* ECF No. 260 at 5–10. Litigating those questions here while they are pending before the Ninth Circuit would waste resources and risk inconsistent rulings. The Ninth Circuit's decision will either resolve those questions or guide their resolution.

*Third*, a stay will not prejudice Rack Room. The petition will be fully briefed on October 29, 2026, and the stay would last only until the Ninth Circuit rules. No trial date or other deadlines are set, Plaintiffs seek no interim relief, and a stay spares both sides the expense of litigating claims whose scope may soon change. Without a stay, by contrast, Plaintiffs would have to litigate their individual claims now and potentially repeat that work if the Ninth Circuit reverses.

Plaintiffs propose that the parties file a joint status report within 14 days after the Ninth Circuit rules on the petition. If the petition is denied, the report will propose a schedule for the remaining claims. If it is granted, the report will address whether the stay should continue pending the appeal. If the Court would prefer that Plaintiffs present this request by noticed motion, Plaintiffs will file one within seven days.

## III. RACK ROOM'S POSITION

### A. Background

On September 21, 2026, the Court dismissed Plaintiffs' Federal Wiretap Act, CIPA Section 631, and CIPA Section 632 claims without prejudice for lack of subject matter jurisdiction, and denied Plaintiffs' Motion for Class Certification. The Court held that Plaintiffs failed to show an injury in fact sufficient for Article III standing. The Court directed the parties to submit a proposed case schedule for the two remaining individual claims under California Penal Code Section 502 and for common law invasion of privacy. Plaintiffs have since petitioned the Ninth Circuit for permission to appeal under Federal Rule of Civil Procedure 23(f) [Dkt. No. 267]. Rack Room has moved to dismiss the remaining claims for lack of Article III standing based on the same record and reasoning as the Court's Order [Dkt. No. 268].

### B. Rack Room's Proposed Schedule

Rack Room respectfully proposes that the Court: (1) hear and decide Rack Room's pending Motion to Dismiss on the schedule set by the Civil Local Rules, before any other case events; (2)

stay further proceedings and all other deadlines until the later of the Court's ruling on the Motion to Dismiss or the Ninth Circuit’s resolution of Plaintiffs' Rule 23(f) Petition (and any resulting appeal); and (3) direct the parties to file a joint status report and proposed schedule within fourteen days after each of those events. If the Court grants the Motion to Dismiss, Rack Room requests that the Court enter a final order.

**C. The Court Should Resolve the Threshold Standing Question First**

Standing is the threshold issue in any suit. The Court has already reviewed the evidentiary record under a summary judgment standard, drawing all reasonable inferences in Plaintiffs’ favor. It found no evidence from which a reasonable jury could conclude that any third-party tracker collected data attributable to either Plaintiff from rackroomshoes.com. Plaintiffs conceded at oral argument that there is no evidence the Meta Pixel collected any data from their 2024 visits, and no evidence that the activity recorded in 2021, 2022, and 2023 was Plaintiffs' own browsing activity. The Court likewise rejected Plaintiffs’ “attempt” theory. It held that the mere presence of active trackers, without any actual tracking, on a website selling objectively non-sensitive goods does not bear a close relationship to the harm traditionally actionable as intrusion upon seclusion. The two remaining claims arise from the same alleged website visits and the same alleged conduct. In particular, Plaintiffs’ common law invasion of privacy claim depends on the same intrusion analogy the Court has already found lacking. Plaintiffs agree the Court should resolve this threshold jurisdictional question before the parties and the Court spend resources on the merits of the remaining two individual claims.

**D. Further Discovery and Proceedings Should Be Stayed**

With the exception of the motion to dismiss, Defendant agrees that a stay of further proceedings is warranted for several reasons. First, a federal court must confirm its jurisdiction before reaching the merits. Merits discovery on claims the Court may lack power to decide would impose burden without purpose.

Second, Rack Room's pending motion is potentially dispositive of the entire action and can be decided now. The standing record was developed during discovery. It includes various business records, both Plaintiffs’ depositions and declarations, and competing expert reports. The

deficiencies the Court identified concern Plaintiffs' own website visits and experiences, and admissions and concessions. Discovery from Rack Room cannot supply them. For the same reason, no jurisdictional discovery is warranted.

Third, the factors set out in *Landis v. North American Co.*, 299 U.S. 248 (1936), and *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962), favor a stay. Plaintiffs practically agree. For these reasons, Rack Room respectfully requests that the Court adopt its proposed schedule and stay further proceedings pending resolution of Rack Room's Motion to Dismiss and Plaintiffs' Rule 23(f) Petition.

## IV. PROPOSED CASE SCHEDULE

Stay all proceedings pending the Ninth Circuit's ruling on the petition, with a joint status report due 14 days after that ruling. If the Court declines to stay the case, the parties will submit an alternative case schedule.

Respectfully submitted,

DATED: October 19, 2026

**MANATT, PHELPS & PHILLIPS, LLP**

By: */s/ Ana Tagvoryan*
Ana Tagvoryan
Brad W. Seiling
Kyla Núñez
Brandon Wong

Attorneys for Defendant Rack Room Shoes, Inc.

DATED: October 19, 2026

**MARCUS RASHBAUM PINEIRO & MEYERS LLP**

By: */s/ Christopher R. Reilly*
Christopher R. Reilly (*pro hac vice*)
Michael A. Pineiro (*pro hac vice*)

Attorneys for Plaintiffs

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that each of the other signatories has concurred in the filing of this document.

*/s/ Christopher R. Reilly*
Christopher R. Reilly